Syllabus.

# Wytheville.

## HANSBROUGH, EXECUTOR, v. NEAL, FEATHERSTON & CO.

### July 1, 1897.

1. PAROL EVIDENCE—*Admissibility to prove custom or usage as to price of services in absence of contract.*—In the absence of any express agreement as to the amount or time of payment for work contracted to be done, parol evidence is admissible to show a certain usage of the business, and of the locality, known to the parties, or so general and well settled as to raise the presumption that the parties dealt with reference to the usage, and with a tacit understanding that their rights and responsibilities should be determined thereby.

2. CUSTOM OR USAGE—*Averment in pleadings.*—In an action to recover for services performed what they are reasonably worth, it is unnecessary to aver in the pleadings a local custom or usage by which the value of the services are fixed, as the plaintiff is entitled to recover what is usual and customary for like services.

3. CUSTOM OR USAGE—*Question for jury.*—Whether a custom or usage exists is a question of fact to be determined by the jury under proper instructions from the court, whenever there is any evidence tending to prove it, although the evidence be conflicting or there be a diversity of opinion as to its extent or character.

4. SALE OF WIFE'S LAND—*Who to pay charges for selling.*—A real estate agent who sells the wife's land for the husband and wife is not entitled to recover compensation therefor of the husband, in the absence of an agreement on his part to pay the same.

5. INSTRUCTIONS—*Statute of limitations.*—Where the statute of limitations has been pleaded by a defendant, an instruction which tells the jury when the statute begins to run, what evidence they may consider, and on whom is the burden of proof, but fails to tell them that the plaintiff cannot recover if his cause of action did not accrue within the statutory period prior to the institution of the suit, is erroneous because misleading.

6. INSTRUCTIONS—*Ignoring all evidence on one side of case.*—Instructions are properly refused which entirely ignore all the evidence on one side of the case which tends to prove that view of the case.

7. CUSTOM OR USAGE—*Knowledge of—Notoriety and generality of.*—Where re-
   covery is sought of a defendant in consequence of a custom or usage to
   pay a fixed rate for certain services, it is not necessary to prove that the
   defendant knew of, and acquiesced in the custom or usage.  If the evi-
   dence shows an established custom or usage on the subject, certain, uni-
   form, general, and notorious, at the place where the parties lived and
   did business, there would arise at least a *prima facie* presumption that
   the defendant knew of it, and intended to be bound by it.

8. INSTRUCTIONS—*Evidence to support.*—When there is evidence tending to
   prove a particular view of the case, and an instruction is asked which
   correctly propounds the law on that view of the evidence, it should be
   given.

9. PLEADING—*Verdict responsive to issues.*—In an action of *assumpsit* where
   the pleas are *non-assumpsit* and the statute of limitations, a general ver-
   dict for the plaintiff fixing the amount of his damages is responsive to
   all the issues made by the pleadings.

Error to a judgment of the Hustings Court of the city of
Roanoke, rendered October 26, 1895, in an action of *assumpsit,*
wherein the defendants in error were the plaintiffs, and the
plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Hansbrough & Hall* and *R. E. Scott,* for the plaintiff in
error.

*Watts, Robertson & Robertson,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The defendants in error brought an action of *assumpsit*
against Samuel H. Gish and wife to recover commissions al-
leged to be due from them for making sale of a tract of land.
The declaration contained the common counts for work and
labor done and performed by the plaintiffs, money loaned and
advanced to the defendants, and for money had and received by
the defendants to the plaintiffs' use.  The defendants pleaded
*non assumpsit,* and *non assumpsit* within three years, to which
last named plea the plaintiffs replied generally.  Before trial

the male defendant died, and the action was revived against
his executor, and the cause proceeded against him as provided
in Sec. 3306 of the Code, as a separate action.    Upon the trial
a verdict and judgment were rendered in favor of the plain-
tiffs, and to that judgment this writ of error was awarded.

The first error assigned is that the court permitted the plain-
tiffs to introduce evidence tending to prove that a custom or
usage existed in Roanoke city, where the plaintiffs did business
and the land sold was situated, as to the rate of commissions
charged by real estate agents upon sales made by them, and as
to the time when such commissions became due and payable.

The first objection made to that evidence is that it was an
attempt to add to the terms of the contract of employment.

There was no written contract between the parties, nor does
the evidence show that there was any express agreement or
understanding between them either as to the compensation to
be paid, or the time of its payment.    There is evidence tend-
ing to show that Gish, the husband, had authorized the plain-
tiffs to make sale of this land, and that when they had found
purchasers for the land Gish employed and paid an attorney
to reduce the agreement of sale to writing, which was signed
by the parties, and that afterwards Gish and wife executed, ac-
knowledged, and tendered a conveyance of the land to the
purchasers, which they refused to accept.

Where there is an express agreement between parties, but it
is silent, or at least ambiguous as to the compensation to be
paid for the work contracted to be done, or where there is no
express agreement at all, parol evidence is admissible to show
a certain custom or usage of the business and of the locality,
known to the parties, or so general and well settled as to raise
the presumption that the parties in dealing with each other did
so with a silent reference to the usage, and a tacit understand-
ing that their rights and responsibilities should be determined
by it.    *Richlands, &c., Co.* v. *Hiltebeitel*, 92 Va. 91, and
cases there cited.

It is contended that although such evidence be admissible, it can only be introduced when the custom or usage is set up in the pleadings of the party relying on it.

*Jackson's Adm'x* v. *Henderson*, 3 Leigh 196 (side page), was an action of *assumpsit* on a bill of exchange made payable at a bank in the State of Ohio where there was a special usage or custom that bills there payable should be presented for payment on the fourth day instead of the third day of grace. The special counts in the declaration upon which the plaintiffs relied failed to set up this special usage, and the court was of opinion that without such allegation proof of the usage was not admissible.

In the case of *Governor &c.* v. *Withers*, 5 Gratt. 24, which seems to have been an action upon the bond of a tobacco inspector, the defendants sought to escape liability by showing that a custom existed among the inspectors of the city of Lynchburg which excused the principal in the bond from performing a duty prescribed by law, and a failure to perform which constituted *prima facie* a breach of the condition of the bond. This usage connected with evidence of knowledge and acquiescence on the part of the relator, the court held would have been a good defence, if specially pleaded, but that it could not be made under the plea of conditions performed.

In each of those cases there was an express agreement in writing which was specially declared on according to its legal effect under the general law. In the first named case the court was of opinion that such a declaration could not be sustained by proof of a local usage, because there would be a variance between the allegation and the proof. In the other case, the court held that it was not competent for the defendant to prove a local usage which went to excuse the principal in the bond from performing a duty prescribed by law, unless it was specially pleaded.

But where there is no contract between the parties except that which the law implies, and the action is brought to re-

cover what the services performed are reasonably worth, there does not seem to be any good reason why he should set up in his pleadings a local usage or custom by which the value of the services are fixed, since he is entitled to recover what is usual and customary for like services (Bishop on Contracts, sec. 456).

The evidence was properly admitted, and there was no error in the court's refusal to exclude it. Whilst the rule is that the party who relies upon such custom or usage must show that it is an established usage or custom, uniform, certain, general, and notorious in that locality, it is a question of fact to be passed upon by the jury under the instructions of the court, whenever there is any evidence tending to prove it, although the evidence be conflicting or there be diversity of opinion among the witnesses as to its extent and character.

The action of the court in giving certain instructions and in refusing to give others is assigned as error.

The instructions given to which objection is made are as follows:

"The court instructs the jury, if they believe from the evidence that the defendant's testator and his wife employed the plaintiffs to procure purchasers of their land, and that the plaintiffs secured purchasers for the same, and if they further believe from the evidence that the usual compensation for such services is a commission of five *per cent.* upon the purchase money, then they should find for the plaintiffs, and fix their damage at five *per cent.* of the amount of the purchase money."

"The court instructs the jury that the burden of proving the cause of action barred by the statute of limitations is upon the defendant. The court further instructs the jury that the time the said statute begins to run is whenever under the contract the plaintiff is entitled to his money, and, in arriving at what the contract is in this case and when the commissions were due thereunder, the jury have the right to consider evidence of

any general custom, prevailing among real estate agents in the city of Roanoke, and generally known at the time the contract was entered into.''

The first of these instructions is erroneous, because it directed the jury to find for the plaintiffs and fix their damages at five *per cent.* on the amount of the purchase price of the land. There was no evidence tending to show that the defendant's testator had in any way become responsible for services rendered in selling his wife's interest in the land. If the plaintiffs sold the land for Gish and wife, they had the right to compensation for their services, but in the absence of any agreement on the part of the husband that he would pay for selling his wife's interest in the land, he could not be held liable therefor.

The instruction was misleading, if not erroneous, in another respect. Although the jury might have believed the facts hypothetically stated in it, still the plaintiffs were not entitled to recover if the evidence showed that their cause of action accrued more than three years before the institution of their suit, and the jury ought to have been so instructed.

The other instruction quoted above and given by the court was no doubt intended to cure this defect, but it is not at all clear that it does so. It tells the jury upon whom the burden of proof was upon that point, when the statute commenced to run, and what evidence they might consider in passing upon the question, but fails to tell them that the plaintiffs could not recover if their cause of action did not accrue within three years prior to the bringing of their suit.

Upon this point, these instructions, although considered together, were misleading, if not erroneous.

The defendant asked for seven instructions. Of these the court refused to give six, and its refusal is assigned as error. The court properly refused the defendant's instructions numbered one, two and six, because they entirely ignored the evidence of the plaintiffs, which tended to show that there was a

custom or usage in Roanoke city, fixing the compensation of real estate agents, for like services, in the absence of any express contract upon the subject.

Instruction numbered three was properly refused, because whilst it recognized the effect of the alleged local custom or usage upon the rights of the parties, it told the jury that the defendant was not bound by it unless it was shown that he knew of and acquiesced in the same when he placed the lands in the hands of the plaintiffs for sale. It was not necessary that the evidence should show that the defendant actually knew of and acquiesced in the custom or usage. If it appeared from the evidence that, at the time the services were rendered, there was an established usage upon the subject, certain, uniform, general, and notorious, in the city of Roanoke, where the parties lived and did business, there would arise at least a *prima facie* presumption that the defendant's testator knew of the usage and custom, and was bound by it. Bishop on Contracts, secs. 449, &c.; Clark on Contracts, pp. 582-4; Lawson on Usages and Customs, sec. 24; Brown on Parol Contracts, sec. 58.

By instruction numbered four. the court was asked to instruct the jury that the defendant's testator could not be affected by any local custom of real estate agents doing business in the city of Roanoke, until it was shown that he knew of such custom at the time he placed the property in question with the plaintiffs for sale (if he did so place it), or that such custom was of such long continuance and so certain, general, universal, and notorious, as that knowledge thereof would reasonably be presumed on the part of his testator. This instruction was substantially correct, and the court erred in not giving it.

Instruction numbered five ought to have been given. There was evidence tending to show a local usage or custom by which the compensation for such services was fixed at five *per cent.* commissions payable when the first payment on the pur-

Opinion.

chase money was paid by the vendors, and the evidence showed that no such payment had been made when the plaintiff's action was brought. If the evidence established the facts upon which the instruction was based, the plaintiffs had no right to recover when they brought their suit.

The assignment of error that the verdict of the jury did not respond to all the issues in the case, and for that reason should have been set aside on the defendant's motion, is wholly without merit. The jury found in favor of the plaintiffs, and assessed their damages for the full amount claimed by them. To do this, it was of course necessary for the jury to find that the defendant had assumed to pay as alleged in the declaration, and that he had done so within the statutory period. The verdict was a full response to both issues, and in the usual form.

The judgment must be reversed, the verdict set aside, and the cause remanded to the Corporation Court of the city of Roanoke for a new trial, there to be proceeded with in accordance with the views expressed in this opinion.

*Reversed.*