### Richmond.

BOUSH V. FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

December·4, 1902.

1. MALICIOUS PROSECUTION—*Probable Cause—Instructions—Partial View of Evidence—Case at Bar.*—The question of probable cause, in an action for malicious prosecution, embraces a mixed question of law and fact. Whether the evidence relied on, if true, establishes probable cause is a question of law for the court, but whether such evidence is true is a question of fact for the jury. It is permissible, therefore, for the trial court to instruct the jury that certain facts and circumstances, if they exist, are sufficient to constitute probable cause; but in the determination of the existence or non-existence of such facts and circumstances it is not permissible for the court to restrict the jury to a consideration of part only of the evidence tending to show probable cause or a want thereof. The plaintiff cannot sustain the burden imposed upon him of showing affirmatively the absence of probable cause, unless the court takes cognizance of his theory of that question, if material, and the jury is permitted to consider the evidence upon which it is based. In the case at bar an agent was arrested on a charge of embezzlement, and there was evidence tending to support the charge, but there was also evidence tending to show that the principal and agent had agreed to occupy the relation to each other of debtor and creditor, and that the defendant knew of this fact, but this evidence was ignored by the trial court in its instruction.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, rendered June 2, 1900, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*D. Tucker Brooke,* for the plaintiff in error.

*W. W. Old & Son,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was brought by the plaintiff in error against the defendant in error to recover damages for an alleged malicious prosecution, charging the plaintiff, as agent, at Norfolk, Virginia, of the Fidelity and Casualty Insurance Company, of New York, with the embezzlement of certain moneys, the property of his principal.

There was a verdict for the defendant, which the plaintiff moved the court to set aside upon the ground that it was contrary to the law and evidence, and also for misdirection of the jury by the court.

Both motions were overruled, and the plaintiff excepted.

The view taken by this court of the questions involved renders it necessary to consider only the last assignment of error.

At the trial, after a number of instructions had been given to which no exception was taken, the court, on motion of the defendant and over the objection of the plaintiff, instructed the jury as follows:

"The court instructs the jury, that if they believe from the evidence that the Fidelity and Deposit Company (the defendant) was notified in writing by the Fidelity and Casualty Company on April 21, 1898, that the plaintiff, under bond No. 28,701, was short is his accounts to that company; and that it would send to the Fidelity and Deposit Company a detailed statement as soon as possible; and that the bond No. 28,701 was the bond on which the Fidelity and Deposit Company was surety for the plaintiff, and that on April 28, 1898, the Fidelity and Casualty Company did send a detailed, or itemized, statement of its claim showing the date and number of each policy, the name of the assured, and the premium misappropriated, or alleged to be

misappropriated, making a total shortage, or a total shortage as alleged, of $1,474.12; and that the Fidelity and Deposit Company, on April 29, 1898, replied as follows:

" 'We are in receipt of your letter of April 28th, enclosing to us what purports to be an itemized statement of an alleged shortage in the accounts of Jas. T. Boush, bonded by us under our Form D, 28,701.

" 'We return this statement herewith and would ask you, in accordance with the terms of our said bond to have the proper officer of your company make affidavit to the statement in the following manner, viz: that the annexed statement is true and correct in every respect, and that the moneys represented by the several items were collected from the respective persons, upon the respective dates, and were misappropriated by the said Boush to his own use, and not paid over or accounted for by him, notwithstanding due and legal demand had been made upon him by the said Fidelity and Casualty Company's authorized officer.

" 'As soon as the affidavit is completed, please return the statement with the affidavit attached to this office, and we will take up same through the proper channel for investigation.'

"And that on May 3, 1898, the Fidelity and Casualty Company replied to the Fidelity and Deposit Company, returning the itemized statement, verified by one of the officers of said company, in accordance with the request of the Fidelity and Deposit Company; that upon further enquiry or investigation made by the said Fidelity and Deposit Company the said amount of $1,474.12 for premiums collected by the plaintiff for January, February and March, 1898, was confirmed, and that, at the time of the prosecution, the time which had been allowed by the Fidelity and Casualty Company to the said plaintiff on the payment of the premiums collected by him had expired as to an amount of the said sum of $1,474.12, as great or greater than the amount of $384.34, charged in the warrant, and upon which the prosecution was based; then the said Fidelity and De-

posit Company had probable cause for believing the plaintiff guilty of the charge made against him in the prosecution, and is not liable to the said plaintiff in this action."

Whereupon, "counsel for plaintiff asked the court whether, in view of the granting of said instruction, counsel for the plaintiff might argue to the jury any other facts, not recited in the said instruction, as to which there was testimony before the jury as showing want of probable cause, and especially whether he might argue to the jury to show want of probable cause for said prosecution; the testimony tending to show that a credit had been given by the Fidelity and Casualty Company of New-York to the plaintiff of ninety days upon premiums he might collect for the said company, and that when the warrant for the arrest of the said Jas. T. Boush, upon the charge of embezzlement in the declaration mentioned, was about to be issued by the Police Justice, at the instance and upon the information of the said defendant by W. B. Lyons, its agent, a question of a ninety-day credit arose, and the said Police Justice asked the said W. B. Lyons if he had not better see his counsel. To which said question of counsel the court replied that the meaning of the instruction aforesaid was that the facts therein recited, if they were true, constituted probable cause on the part of the defendant for instituting the said prosecution, irrespective of the existence, if they did exist, of the facts alluded to by counsel for the plaintiff, in formulating his said question to the court; and that the said counsel could not argue to the jury that the existence of those facts constituted want of probable cause for the prosecution, if the facts stated in the said instruction were proved."

The question of probable cause embraces a mixed proposition of law and fact. Whether the evidence relied on, if true, establishes facts which amount to probable cause is a question of law for the court, but whether such evidence *is true*, is a question of fact for the jury. It is permissible, therefore, for a court to instruct the jury that certain facts and circumstances,

if they exist, are sufficient to constitute probable cause.  But it is not permissible for a court to submit the question of the existence or non-existence of such facts and circumstances to the jury, either upon a partial enumeration of them, or upon a part only of the evidence relevant to that issue.

To illustrate, an instruction which tells the jury that certain evidence adduced by the defendant, if true, establishes facts and circumstances which amount to probable cause, omitting other material elements entering into that question, and ignoring the countervailing evidence of the plaintiff relevant to that issue, is erroneous.  The proposition is obvious, and does not require elaboration.  Such an instruction comes within the proscription of that line of decisions which hold that an instruction must not call special attention to a part only of the evidence and the fact which it tends to prove, and disregard other evidence relevant to the matter in issue.  *Seaboard R. Co.* v. *Joyner*, 92 Va. 354; *Hansbrough* v. *Neal*, 94 Va. 722; *Montgomery's Case*, 98 Va. 852.

There was evidence tending to show that the defendant, before the institution of the prosecution against the plaintiff, knew of the existence of a convention between the Fidelity and Casualty Insurance Company, of New York, and the plaintiff, by which the relations between them, in respect to the premiums alleged to have been embezzled, were changed from those of principal and agent to creditor and debtor.  That circumstance had an important bearing upon the question of probable cause, and ought not to have been excluded from the instruction, and (with the evidence tending to establish it) from the consideration of the jury.

In an action for malicious prosecution, the burden rests upon the plaintiff to prove affirmatively the absence of probable cause, a burden impossible to be borne, unless the court takes cognizance of plaintiff's theory of that question, if material, and the jury are permitted to consider the evidence upon which it is based.

The instruction complained of, regarded, as it must be, in the light of the interpretation, and subject to the limitations, placed upon it by the trial court, violates the principles referred to, and is, therefore, erroneous.

As a new trial has to be awarded, no opinion is expressed as to the weight of the evidence.

The judgment complained of will be reversed and annulled, the verdict of the jury set aside, and the case remanded for a new trial to be had, not in conflict with the views herein expressed.

*Reversed.*