Statement.

# Wytheville.

BOWLES AND ANOTHER v. RICE AND OTHERS.

June 13, 1907.

1. PRINCIPAL AND AGENT—*Powers of Special Agent.*—A special agent is one who is authorized to do one or more specific acts in pursuance of particular instructions, or within restrictions necessarily implied from the act to be done. His powers are to be strictly construed. He possesses no implied auhority beyond what is indispensable to the exercise of the power expressly conferred, and must keep within the limits of his commission. All persons deal with such an agent at their own risk as to the extent of his powers.

2. PRINCIPAL AND AGENT—*Special Agent—Power to Sell for Cash—Sale on Time.*—A power to a special agent to sell for cash at any time within thirty days, does not authorize a sale on credit, even though the credit does not extend beyond the thirty days. A mere power to sell without more, implies a cash sale.

3. CUSTOM—*Burden of Proof—Knowledge of Custom.*—The burden of upon the party alleging a custom to prove it by satisfactory evidence. Furthermore, knowledge of the existence of the custom must be brought home to the party to be affected thereby, unless the evidence shows that it is so uniform and notorious at the place where he resides as to raise a *prima facie* presumption that he knew of it.

Appeal from a decree of the Law and Equity Court of the city of Richmond. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Conway R. Sands* and *W. D. Cardwell,* for the appellants.

*A. B. Dickinson, A. L. Holladay* and *R. R. Florance,* for the appellees.

WHITTLE, J., delivered the opinion of the Court.

This appeal is from a decree adverse to the plaintiffs in a suit to set aside a sale of standing timber, made by a special agent, W. D. Rice, to the appellee, E. J. Thomas, and afterwards assigned by Thomas to the appellees, Taliaferro & Co., to injoin the buyers from cutting and sawing timber upon plaintiffs' premises, and for other relief.

By written authority Rice was empowered to sell, within thirty days from September 1, 1905, the timber on the plaintiffs' farm for $1,100 cash, the plaintiffs agreeing to execute a proper deed to the purchaser, and to allow two years for its removal. Subsequently a power of attorney was prepared (which the plaintiffs declined to sign), authorizing Rice, upon the same consideration to sell all timber "eight inches and over across the stump," and granting the purchasers the privilege, while cutting and sawing that timber, "of sawing logs brought from nearby tracts."

On September 2, 1905, Rice entered into an agreement with Thomas, in consideration of $1,100 in effect payable within twenty-eight days from date, by which he sold him "all timber of every character and description" on the plaintiffs' farm, "with the usual rights as to facilities for cutting and sawing and hauling said timber and the lumber made therefrom."

The sole question demanding our consideration is whether Rice, who was confessedly a special agent acting under a written power, exceeded his authority in making the foregoing agreement with Thomas.

The law applicable to the case is clear and well settled. A special agent is defined to be one "who is authorized to do one or more specific acts in pursuance of particular instructions, or within restrictions necessarily implied from the act to be done."

1 Am. & Eng. Enc. L., 985. Persons dealing with such agent do so at their own risk, and cannot rely upon his assumption of authority, but must inform themselves of the extent of his powers.

The rule is thus stated in *Stainback* v. *Read,* 11 Gratt. 281, at p. 286, 62 Am. Dec. 648: "It is equally well settled that a party dealing with an agent acting under a written authority must take notice of the extent and limits of that authority. He is to be regarded as dealing with the power before him; and he must at his peril observe that the act done by the agent is legally identical with the act authorized by the power." Citing Story or Agency, sec. 57, *et seq.*; *Atwood* v. *Munnings,* 7 Barn. & Cress. 278; *Bank* v. *Aymar,* 3 Hill (N. Y.) 262; *Hewes* v. *Doddridge,* 1 Rob. 143; 1 Am. L. C. 392, notes. See also *Stillman* v. *Fredericksburg &c. Ry. Co.,* 27 Gratt. 119; *Blair* v. *Sheridan,* 86 Va. 527, 10 S. E. 414; *Davis* v. *Gordon,* 87 Va. 559, 13 S. E. 35; *Simmons* v. *Kramer,* 88 Va. 411, 13 S. E. 902; *Halsey* v. *Monteiro,* 92 Va. 581, 24 S. E. 258; *Dyer* v. *Duffy,* 39 W. Va. 148, 19 S. E. 540, 24 L. R. A. 339.

It is also settled law that the powers of a special agent are to be strictly construed; he possesses no implied authority beyond what is indispensable to the exercise of the power expressly conferred, and must keep within the limits of his commission. *Hotchkiss* v. *Middlekauf,* 96 Va. 653, 32 S. E. 36, 43 L. R. A. 806; *Winfree* v. *Bank,* 97 Va. 83, 87, 33 S. E. 375. It is moreover the accepted rule, that, in the absence of authority to the contrary, a power to sell implies a cash sale, (*Burks* v. *Hubbard,* 69 Ala. 379; 1 Am. & Eng. Enc. L., 1014; 24 Id., 1095, and authorities cited, n. 10) and *a fortiori* the terms of a power expressly prescribing a *cash sale* must be rigidly observed.

In *Halsey* v. *Monteiro, supra,* it was held that a sale for one-third cash is not satisfied by an agreement to pay within sixty days.

Tested by the foregoing principles, we are of opinion that

Rice exceeded his authority in two essential particulars. As we have seen, the power expressly provides for a sale for cash, and also limits the authority of the agent to a sale of the timber, the purchaser to have two years within which to remove it. This was the extent and measure of his authority, and in disregard of the explicit directions of the power under which he was acting, Rice sold the timber on twenty-eight days' time, and authorized the buyer to locate a saw-mill on the premises and convert the timber into lumber.

The propositions that "the sale was for cash in the eye of the law," and that the privilege of sawing the timber into lumber is a "customary consequence of the sale," cannot be maintained. It is true the instrument was to be binding upon the principals for thirty days from September 1, 1905—that is to say, at any time within thirty days from that date the agent was empowered to effect a *cash sale* of the timber. But by no fair construction can the power be held to confer upon Rice authority to sell on time, even though the credit given might not extend beyond the thirty days. If the opposing theory be sound, the terms of a power (binding on the principal for twelve months) which authorized a *cash sale* would be complied with by a *credit sale,* provided the day of payment was within the year.

With respect to the second proposition, the privilege of locating a saw-mill on the premises, and of transforming the timber into lumber, admittedly does not pass to the buyer "by virtue of anything contained in the contract," but depends upon an alleged custom. The appellees, in that connection, rely upon *Allen* v. *Crank,* 2 Va. Dec. 279, 23 S. E. 772, to sustain their right to locate a saw-mill on the premises. So far from upholding that pretension, the case shows that the privilege rested upon compact and not upon custom; and it likewise shows that the burden in such case is on the party alleging the existence of a custom to prove it. This the defendants have failed to do, but rely wholly upon the affirmative allegations of their answer to establish the fact.

A custom cannot be set up in that way, but must be proved by satisfactory evidence. Furthermore, knowledge of the existence of the custom must be brought home to the plaintiffs, unless the evidence shows that it is so uniform and notorious at the place where the parties to be affected by it reside, as to raise a *prima facie* presumption that they knew of it. *Ferguson* v. *Gooch,* 94 Va. 1, 26 S. E. 397, 40 L. R. A. 234; *Reese* v. *Bates,* 94 Va. 321, 26 S. E. 865; *Hansbrough* v. *Neal,* 94 Va. 722, 27 S. E. 593.

For these reasons, we think the decree appealed from is erroneous and should be reversed; and this court will enter a decree setting aside the contract of sale of the timber and perpetuating the injunction. But this disposition of the case is without prejudice to the right of the appellants, if so advised, to proceed at law to recover such damages, if any, as they may be entitled to by reason of the acts complained of.

*Reversed.*