# Wytheville

## CHARLES SYER & COMPANY v. LESTER

### June 11, 1914.

1. CONTRACTS — *Brokers    Sales—Verdicts—Principal    and    Agent.*—
Whether a contract was a brokerage contract (establishing the
relation of principal and agent between the parties) or a con-
tract for the sale of goods, is a question to be determined by
all the facts and circumstances bearing on the transaction, and
the verdict of a jury determining this question will not be set
aside where there is sufficient evidence to sustain it.

2. SALES—*Acceptance of Part of Shipment—Presumption—Deficiency
in Quality and Quantity.*—Acceptance and appropriation of a
part of a shipment of goods, with full knowledge of deficiency
in their quality and quantity implies an agreement for the ac-
ceptance of the whole. If the buyer, under such circumstances,
is dissatisfied he should either reject the whole, or accept under
protest and sue to recover the damages sustained by reason
of the breach of the implied warranty of the quality and quan-
tity of the goods.

3. EVIDENCE—*Custom—Usage—Notice.*—Evidence of a local custom or
usage will not be received to affect the terms of a contract un-
less the party to be affected thereby had actual knowledge of
such custom, or it was so well established, notorious and gen-
erally accepted that notice of it will be imputed to him.

4. EVIDENCE—*Custom—Usage—New Provisions.*—Evidence of a local
custom or usage, not relied upon in the pleadings, will not be
received, under the guise of explaining language used in a
contract, to engraft upon it a new provision upon which to
base a substantial defense.

Error to a judgment of the Circuit Court of the city
of Norfolk in a proceeding by motion for a judgment.
Judgment for the plaintiff.  Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford,* for the plaintiff in error.

*Hugh W. Davis* and *H. G. Cochran,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

The judgment in this case was recovered by the defendant in error, Frank H. Lester (who will hereinafter be referred to as "the plaintiff") against the plaintiff in error, Charles Syer, trading as Charles Syer & Company (who will be styled "the defendant").

The plaintiff, who was a wholesale commission merchant in New York city dealing in foreign fruits, primarily, at least, engaged the defendant (a merchandise broker in the city of Norfolk, Virginia) to represent him in that city on a brokerage commission of ten cents per box on all accepted orders for the purchase of lemons from responsible wholesale dealers. The defendant's theory of the case is that the original relation of principal and broker between the plaintiff and himself continued throughout the transaction which is now the subject of investigation, and must control the rights and liabilities of the parties with respect to the one hundred and twenty-five boxes of lemons in controversy. The plaintiff, on the other hand, maintains that the defendant's order and his acceptance established the relation of buyer and seller between them with regard to that part of the shipment.

The order is as follows:

Norfolk, Va., July 10, 1911.

"Frank H. Lester,

   "New York City.

"Dear Sir:

   "We wired you today as follows:

   " 'Have sold one hundred fifty boxes three sixty lemons. Your price eighth. Sending orders tonight's mail,' which we herewith beg to confirm.

   "We are enclosing herewith orders as follows:

   "Grandy Jobbing Co., Norfolk, Va., ten boxes;

   "Kelly & Borum, Norfolk, Va., five boxes;

   "Porter & Stephenson Co., Norfolk, Va., ten boxes;

   "To ourselves one hundred and twenty-five boxes.

   "We want to ask that you keep us carefully posted as to market conditions, as it is our desire to handle lemons in car lots, as soon as we can get started. For your information this is somewhat a new line with us, having just been taken on.

   "Trusting to have your hearty co-operation, we beg to remain,

                    "Very truly yours,

                              "CHAS. SYER & CO.

                                   "H. F. WHITE."

   The brokerage contract required the defendant in his orders to give the names of the responsible wholesale dealers to whom sales had been made, and to whom, when approved by the plaintiff, the goods were to be consigned; and in compliance with that stipulation the foregoing letter named the defendant as the purchaser to whom one hundred and twenty-five boxes of the order for one hundred and fifty boxes of lemons were to be shipped, also naming the purchasers of the remaining twenty-five boxes. No other consignee was known to the plaintiff, and he complied strictly with the written instructions of the defendant in shipping the one hundred and twenty-five boxes to him.

On July 19, 1911, complaint was made by the defendant to the plaintiff, both by wire and letter, that the lemons were short in count and inferior in quality, and had not given satisfaction to customers. To these communications the plaintiff replied by wire the day following July 19: "Can't understand why you should complain about lemons; they are full count and were sound when shipped; would sooner allow you 40c. per box than have any controversy."

The defendant settled the dispute between third parties and the plaintiff on the 40 cents basis; and on July 19 wired him: "Have sold thirty-three boxes forty cents allowance; can't handle balance any price; best can do is to turn over commission house for your account; wire at once." To that telegram plaintiff replied on the same day: "Inasmuch as you have sold part of the shipment lemons we insist that you accept all."

There was other correspondence between the parties which does not call for special notice.

The trial court correctly ruled that the relation of the parties with respect to the one hundred and twenty-five boxes of lemons was to be determined by all the facts and circumstances bearing on the transaction, and not solely by the terms of the letter of July 10, 1911. Accordingly, at the request of the plaintiff, the jury were instructed as follows: "The court instructs you that the telegram under date of July 19, 1911, addressed by Frank H. Lester to Charles Syer and Company, constitutes an offer of compromise, and that if you believe from the evidence that the said Charles Syer and Company had previously purchased from the plaintiff the 125 boxes referred to in the letter of the 10th of July, 1911, and appropriated and sold a part of the lemons mentioned in said telegram, then you must find for the plaintiff and assess his damages at the contract price for said lemons, less forty cents per box."

We are of opinion that there was sufficient evidence to warrant the finding of the jury that as to the one hundred and twenty-five boxes of lemons the relation between the plaintiff and defendant was that of seller and buyer. It follows, therefore, that if upon the arrival of the lemons they were found to be short in count and not of the grade purchased, the defendant ought either to have rejected the shipment as a whole, or to have accepted it under protest and sued to recover such damages as may have been sustained by reason of the breach of the implied warranty of the quantity and quality of the goods. With knowledge of the deficiency, he had no right to accept the entire shipment, and to sell part of it on his own account in pursuance of the terms of the compromise telegram and to reject the remainder. The sale of the thirty-three boxes subject to the forty cents rebate was an implied acknowledgment by the defendant of the existence of the relation of seller and buyer between the plaintiff and himself, and a tacit acceptance of the offer of compromise.

The remaining assignment of error involves the refusal of the court to allow the salesman of the defendant to testify to an alleged usage or custom of the trade in Norfolk the effect of which would have been to enable the defendant to adopt the contract of purchase in part and repudiate it in part. It was not pretended that the plaintiff either had actual knowledge of any such custom, or that it was so well established and notorious and generally accepted that notice of it would be imputed to him. The evidence was plainly inadmissible on that ground, and for the additional reason that it was an attempt, under the guise of explaining language used in the contract, to engraft upon it a new provision upon which to base a substantial defense; and that, of course, is not permissible, certainly when the usage or custom is not

relied on in the pleadings. *Ferguson* v. *Gooch,* 94 Va. 1, 26 S. E. 397, 40 L. R. A. 234; *Hansbrough* v. *Neal,* 94 Va. 722, 27 S. E. 593; *Consumers Ice Co.* v. *Jennings,* 100 Va. 719, 42 S. E. 879; *Oriental Lumber Co.* v. *Blades Lumber Co.,* 103 Va. 730, 52 S. E. 270; *Bowles* v. *Rice,* 107 Va. 51, 57 S. E. 575.

Moreover, evidence of the alleged custom was inadmissible because in the instant case it contravenes the general rule of law that acceptance and appropriation of part of a shipment of goods implies an agreement for the acceptance of the whole. Hence, apart from the original contract for the purchase of the one hundred and twenty-five boxes of lemons, the acceptance and appropriation of a part of them, under the circumstances of this case, imports a contract to accept them all. *Reese* v. *Bates,* 94 Va. 321, 26 S. E. 865; *Coxe* v. *Hoisley,* 19 Pa. St. R. 243; *Dickenson* v. *Gay,* 7 Allen (Mass.) 29; *Bank* v. *Taliaferro,* 72 Md. 164, 19 Atl. 364; *Myer* v. *Dreamer,* 11 C. B. (N. S.) 646; Chamberlayne, Modern Law of Evidence, sec. 756 (cases cited in n. 1).

For the foregoing reasons the judgment must be affirmed.

*Affirmed.*