## CENTRAL LIGHT & FUEL CO. *et al.* v. TYRON.

No. 3164. Opinion Filed May 12, 1914.

(140 Pac. 1151.)

1. **MALICIOUS PROSECUTION** — Right of Action — Defenses—Direction of .Verdict. In an action for malicious prosecution, growing out of a criminal prosecution of the plaintiff, where the prosecutor, before instituting the criminal proceedings, obtained the advice of the county attorney, and then and there communicated to him all the facts bearing on the case, reasonably obtainable, and acted upon the advice given honestly and in good faith, the absence of malice is established, the want of probable cause negatived, and the action cannot be sustained.

2. **SAME**—Defenses—Advice of Counsel. Prior to the taking effect of the Act of March 19, 1910 (Sess. Laws 1910, p. 129, c. 69), section 24 of which provides that county attorneys shall not engage in the private practice of law, the fact that the county attorney was a member of the prosecutor's regularly employed firm of attorneys was not of itself sufficient to affect the rule announced in the foregoing paragraph.

3.  **SAME—Want of Probable Cause—Proof.** In an action for malicious prosecution, proof of the acquittal of the accused, by a jury in a trial in a magistrate's court, on an information theretofore sworn out, does not of itself tend to show want of probable cause.

(Syllabus by Sharp, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by W. H. Tyron against the Central Light & Fuel Company and another. Judgment for plaintiff, and defendants bring error. Reversed.

*George S. Ramsey, C. L. Thomas,* and *Mann. & Thrift,* for plaintiffs in error.

*Thompson & Smith,* for defendant in error.

Opinion by SHARP, C. In the trial court, plaintiff recovered judgment against the defendants for $200 damages sustained on account of alleged malicious criminal prosecution instituted against plaintiff by defendant Cantrell, the local manager of the Central Light & Fuel Company. Defendants' answer put in issue all of the material allegations of plaintiff's petition, and specifically denied that the criminal prosecution was instituted maliciously and without probable and reasonable cause, and further charged that the defendant Cantrell, acting for the defendant Central Light & Fuel Company, prior to filing the information against plaintiff, advised with the county attorney of Creek county, and in good faith put before him all the facts to him known concerning the controversy, and was by said county attorney advised to swear out an information against the plaintiff charging him with larceny, and that acting upon said advice, and in good faith, and believing the plaintiff guilty of larceny, the said defendant Cantrell made oath to the information upon which plaintiff's arrest was based. Defendants further averred that there was probable cause for the prosecution and arrest of plaintiff on the charge of larceny.

The criminal charge for which plaintiff was arrested was the larceny of a small 6x7 meter house, used as a cover or pro-

tection to defendant company's gas meter. The defendant company had owned two pipe lines and two meters, the former of which lay across the tract of land subsequently leased by the plaintiff, under an assignment of a pipe line right of way from the Martin Oil Company. One of the pipe lines had been removed from the premises in March preceding plaintiff's arrest. Shortly prior to the arrest, the valve in one of the meters on said premises needing repair, the meter was taken away, and in its removal the small house was turned over. Some three or four days thereafter, this house, which was situated about a quarter of a mile from plaintiff's barn, was found to have been moved from its former site to a place within 100 to 150 feet of plaintiff's barn. This fact was reported to defendant Cantrell by Eli Withrow, one of the company's employees. Thereafter J. D. Smith, the defendant company's pipe line superintendent, was instructed by defendant Cantrell to investigate the matter and let him know. Smith met plaintiff at Taneha and asked him if he would return the house, to which plaintiff gave no answer, except to tell him that he would not allow the company to put the meters back on the land; that they had agreed to take their stuff off in a former settlement had between them. Smith then called up Cantrell over the telephone and informed him that he could do nothing with the plaintiff, and that the company would have to proceed in some other way. Thereupon Cantrell, not knowing what steps to take, consulted the company's regularly retained attorneys, Mann & Jackson, for the purpose of obtaining legal advice as to how to obtain possession of the meter house. L. B. Jackson, of the firm of Mann & Jackson, was at the time county attorney for Creek county, and after Cantrell had related to him all of the facts growing out of the removal of the house, and his efforts to regain it, as reported to him by Withrow and Smith, the company's employees, Mr. Jackson informed him that Tyron was guilty of larceny and should be arrested. From the information in his possession, Cantrell at the time believed Tyron had stolen the house, but had called upon counsel, not with a view of having Tyron arrested, but for the purpose of recovering possession of the company's property. When informed by Jack-

son that Tyron should be arrested, Cantrell stated: "I said I didn't know; you ought to know, being county attorney." Jackson then called in his stenographer and dictated a criminal information, which, after being signed by him, was also signed by Cantrell.

There is no testimony in the record tending to show ill will toward plaintiff on the part either of Cantrell or any other of the company's employees. Some two months prior to the time of plaintiff's arrest, and when defendant company was proceeding to take up one of its pipe lines which lay across the premises occupied by the plaintiff, the latter objected to its removal until he had been paid certain damages. This it appears was quickly adjusted and paid. There was no other evidence of ill will or malice. Subsequent to plaintiff's arrest, the defendant company replevined and obtained possession of the house. Both Cantrell and Jackson testified fully as to the former advising with the latter concerning the removal of the house. This evidence is undisputed.

On the part of plaintiff in error, it is insisted that there was a total want of any evidence tending to prove a want of probable cause on the part of defendants in the procuring of plaintiff's arrest; that defendant Cantrell, acting for the Central Light & Fuel Company, having communicated to Mr. Jackson, the county attorney, all of the facts bearing on the case of which he had knowledge, and having been advised in the premises, and having acted upon the advice received honestly and in good faith, there was a total want of any evidence upon which to base a recovery. In this we think counsel are correct.

Proof that plaintiff was arrested on the complaint of defendant, and thereafter acquitted, did not of itself tend to show. want of probable cause. *Lindsey v. Couch,* 22 Okla. 4, 98 Pac. 973. The guilt or innocence of defendant in error of the charge laid against him was not an issue to be determined in the trial of the civil action for damages.

As bearing upon the question of the existence of probable cause, the undisputed evidence showed that the defendant company was the owner of the meter house; that, shortly after the

meter had been removed therefrom, this house, situated on lands occupied by plaintiff, had been removed from its former location to within a short distance of plaintiff's barn; that, being accused by one of defendant company's employees with having taken the house, plaintiff did not deny the charge, but, on the other hand, informed said employee that defendant company must remove its stuff from the premises. Notwithstanding plaintiff's acquittal, there was reasonable ground for believing him guilty. However this may be, defendant company having taken legal advice, and communicated to its attorney all the facts bearing on the case, of which its manager had been able to procure information, and having been advised by said attorney, who was also the public prosecutor, that an offense had been committed, and having honestly and in good faith relied upon the legal advice so given, and said manager having signed a criminal complaint, made out and previously signed by said public prosecutor, neither is liable for damages, even though the party charged with such offense was afterwards acquitted.

Section 24 of the county fee and salary act, prohibiting county attorneys from engaging in the private practice of law, approved March 19, 1910, not having taken effect until 90 days after the adjournment of the Legislature, and the arrest having been made on May 25th, immediately following, the question of the propriety or right of Mr. Jackson to give legal advice or counsel with clients, concerning other than public business, is not involved, nor is it in any way brought in question. Sess. Laws 1910, p. 129.

The facts are not unlike those in *El Reno Gas & Electric Co. v. Spurgeon,* 30 Okla. 88, 118 Pac. 397, where the question of the effect of advice of counsel as a defense is considered at some length. It is conceded by counsel for defendant in error that the principles of law as announced by this court in *Lindsey v. Couch, supra,* and *El Reno Gas & Electric Co. v. Spurgeon, supra,* correctly state the law, but it is insisted that the facts of the instant case differ from those before the court in the cases mentioned. In this latter regard counsel are mistaken. The mere fact that Cantrell failed to tell Jackson that his company had paid plain-

tiff $15 for damages some two months before was of no consequence. It was not even claimed by plantiff that any ill feeling had grown out of this settlement. After the removal of the house had first been reported to Cantrell, he instructed his superintendent to see plaintiff concerning its return, and it was with this in mind that Cantrell consulted his attorneys. The county attorney is the proper officer designated by law for the purpose of giving advice concerning criminal prosecutions, and where a person, acting in good faith and under the advice of such counsel, is led to institute a criminal prosecution against another, and thereafter the prosecution fails, the prosecutor does not thereby render himself liable to an action for malicious prosecution or to any other action. *El Reno Gas & Electric Co. v. Spurgeon, supra; Ross v. Hixon,* 46 Kan. 550, 26 Pac. 955, 12 L. R. A. 760, 26 Am. St. Rep. 123, and note; *Cooper v. Fleming,* 114 Tenn. 40, 84 S. W. 801, 68 L. R. A. 849; *Le Clear v. Perkins,* 103 Mich. 131, 61 N. W. 357, 26 L. R. A. 627.

For the reasons stated, the trial court erred in overruling the defendants' motion to direct a verdict in their behalf. The judgment of the trial court should therefore be reversed.

By the Court: It is so ordered.