## SIMS v. JAY.

No. 4216.    Opinion Filed February 8, 1916.

Rehearing Denied March 7, 1916.

(155 Pac. 615.)

1.    **MALICIOUS PROSECUTION—Defense—Advice of Counsel.** In an action for malicious prosecution growing out of a criminal prosecution of the plaintiff by defendant, where the latter before instituting the criminal proceedings advised with an attorney, and placed before him all the facts bearing on the case of which complainant had knowledge or could have ascertained by reasonable inquiry and diligence, and defendant acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and a recovery cannot be had.

2.    **SAME—Instructions.** Instructions 3 and 4, upon the defense of advice of counsel, examined in connection with the evidence, and **held** to correctly state the law.

3.    **MALICIOUS PROSECUTION—Burden of Proof—Want of Probable Cause.** In an action for damages for malicious prosecution, the burden of proving want of probable cause rests upon the plaintiff, and not the defendant.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by J. M. Jay against E. A. Sims. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. S. Garrison, R. E. Bowling,* and *Albert Rennie,* for plaintiff in error.

*Thompson & Patterson,* for defendant in error.

SHARP, J.    Plaintiff's action against defendant was to recover damages on account of an alleged criminal prosecution instituted by the latter against the former, in

which it was charged that said defendant on October 28, 1910, maliciously and without probable cause instituted a criminal prosecution against plaintiff, charging him with having, on or about said day, unlawfully and feloniously stolen defendant's cow. Defendant in his answer denied malice toward plaintiff, charged that he had probable cause for instituting said criminal proceedings, and alleged that he had acted upon the advice of counsel in procuring said arrest to be made.

In the instructions to the jury, the court, among other charges, gave the following:

"You are further instructed that it may be stated as a general rule, where a party has communicated to his attorney all the facts bearing on the case of which he has knowledge, or could have obtained by reasonable diligence and inquiry, and has acted upon the advice received with honesty and good faith, the absence of malice is established, and the want of probable cause is negatived, and the action for malicious prosecution will not lie."

The instruction is almost identical with the language of paragraph 2, p. 310, Newell on Malicious Prosecution, and correctly states the law, as was held by this court in *El Reno Gas & Electric Co. v. Spurgeon*, 30 Okla. 88, 118 Pac. 397; *Central Light & Fuel Co. v. Tyron*, 42 Okla. 86, 140 Pac. 1151; *Allison v. Bryan*, 50 Pac. 677, 151 Pac. 610. But it is said by counsel for plaintiff in error that the former opinion is in conflict with the subsequent opinion of *Roby v. Smith et al.*, 40 Okla. 280, 138 Pac. 141. In the latter case, the objection was made that the instruction failed to require that the defendant disclose to his attorney such facts bearing upon the case as, by the exercise of due diligence, he might have ascertained. In disposing of the contention, it was said that, as the

evidence conclusively showed that the defendants disclosed to their attorney all of the material facts bearing upon the case, before acting upon his advice, the action complained of, if erroneous, was not prejudicial. Where, as in that case, the evidence conclusively established that the defendant had informed his counsel of all the material facts bearing upon the case, then no occasion would exist for making inquiry as to other or further evidence touching the guilt or innocence of the accused. The defense of advice of counsel rests upon the theory that the proceedings alleged to have been malicious were in fact commenced in good faith and upon probable cause; and that it is upon the whole better that he who has instituted them should be protected in the act, although the person prosecuted may some time suffer unjustly, than that appeals to the courts for legal redress should be discouraged because of the danger incurred in making criminal complaints. Good faith on the part of the prosecutor is the essence of the defense. It may be stated as a general rule that, where a party has communicated to disinterested and reputable counsel all the facts bearing upon the case of which he has knowledge, or could have obtained knowledge by reasonable diligence and inquiry, and has acted upon the advice honestly and in good faith, an action for malicious prosecution will not lie. There are cases readily conceivable where additional inquiry would be unnecessary; for it is not in all cases that the prosecutor is required to institute a blind inquiry to ascertain whether facts exist which tend to exculpate the accused. The necessity that calls for the exercise of reasonable diligence and inquiry in the ascertainment of the facts touching the charge, as well as the extent thereof, depends largely upon the facts of the particular case. If, as in *Roby v. Smith, supra,* the

evidence should conclusively establish the fact that the defendant disclosed all of the material facts bearing upon the case, then nothing could have been accomplished by pursuing a further inquiry. *Van Meter et al. v. Bass,* 40 Colo. 78, 90 Pac. 637, 18 L. R. A. (N. S.) 49, and note.

The question of the guilt or innocence of the accused of the charge made against him is not an issue in the trial of the subsequent action for malicious prosecution, as legal grounds may exist to justify a party in setting the criminal law in motion, though it be subsequently shown that no offense has been committed, or, if committed, not by the accused; so it follows that what is probable cause is not made to rest upon the fact of the guilt of the accused. *El Reno Gas & Electric Co. v. Spurgeon, supra.* It is for the best interest of society that those who offend against the laws shall be promptly punished, and that any citizen, who has good reason to believe that the law has been violated, shall have the right to cause the arrest of the offender. For the purpose of protecting him in so doing, it is the established rule that if he have reasonable grounds for his belief, and act thereon in good faith in causing the arrest, he shall not be subjected to damages merely because the accused is not convicted. This rule is founded upon the grounds of public policy, in order to encourage the exposure of crime. It would indeed be a harsh rule, and one calculated to discourage entirely the making of complaints by private individuals in criminal cases, to hold that one who has acted upon the advice of a reputable, disinterested, practicing attorney, given upon a full and fair statement of all the material facts which he knew, or which he had reasonable grounds to believe existed at the time, should be civilly liable in damages if the prosecution should fail.

It is next complained that the court erred in instructing the jury, in its sixth charge, that the burden of showing probable cause was upon the defendant. Obviously this charge constitutes reversible error, as in an action for damages for malicious prosecution the burden of proving malice and want of probable cause rests upon the plaintiff. *Lindsay v. Couch*, 22 Okla. 4, 98 Pac. 973, 18 Ann. Cas. 60; *El Reno Gas & Electric Co. v. Spurgeon, supra; Allison v. Bryan, supra.* Such is the rule of decision in the Supreme Court of the United States, where in *Brown v. Selfridge*, 224 U. S. 189, 32 Sup. Ct. 444, 56 L. Ed. 727, it is said:

"It is settled law that, in an action of this kind, the burden of proving malice and the want of probable cause is upon the plaintiff. This has been the recognized law of this court, and was distinctly stated in the case of *Wheeler v. Nesbitt*, 24 How. 544, 16 L. Ed. 765, often cited in cases of this character, where Mr. Justice Clifford, speaking for the court, said: 'The plaintiff must show that the defendant acted from malicious motives in prosecuting him, and that he has no sufficient reason to believe him to be guilty. If either of these be wanting, the action must fail; and so are all the authorities from a very early period to the present time. *Golding v. Crowell*, Sayer, 1; *Farmer v. Darling*, 4 Burr. 1974; 1 Hilliard, Torts, 460.' "

Authorities holding that, in proving malice and want of probable cause in such cases, the *onus probandi* is upon the plaintiff, are numerous. Among them are: *Hawkins v. Collins*, 5 Ala. App. 522, 59 South. 694; *Dare v. Harper*, 101 Ark. 37, 140 S. W. 983; *Wyatt v. Burdette*, 43 Colo. 208, 95 Pac. 336; *Indianapolis T. & T. Co. v. Henby*, 178 Ind. 239, 97 N. E. 313; *Hooper v. Vernon*, 74 Md. 136, 21 Atl. 556; *Eckerle v. Higgins*, 159 Mo. App. 177, 140 S. W. 616; *Hayes v. Hoyt*, 138 App. Div. 573, 123 N. Y.

Supp. 357; *Simmons v. Gardner,* 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D, 16; *Fetty v. Huntington Loan Co.,* 70 W. Va. 688, 74 S. E. 956; *Davis v. Pacific Tel. Co.,* 127 Cal. 312, 57 Pac. 764, 59 Pac. 698; *Ross v. Innis,* 35 Ill. 487, 85 Am. Dec. 373; *Monroe v. Weston Lbr. Co.,* 50 La. Ann. 142, 23 South. 247; *Good v. French,* 115 Mass. 201; *Magowan v. Rickey,* 64 N. J. Law, 402, 45 Atl. 807; *Cullen v. Hanisch,* 114 Wis. 24, 89 N. W. 900; *Boush v. Fidelity & Dep. Co.,* 100 Va. 735, 42 S. E. 877; *Davis v. Cook,* 3. G. Greene (Iowa) 539; 2 Greenleaf, Evidence (16th Ed.) secs. 453, 454; Newell on Mal. Pros., pp. 273, 276.

Other errors assigned, in view of our conclusion, need not be considered. The charge of the court placing the burden of proving want of probable cause upon the defendant requires that the judgment of the trial court be reversed, which is accordingly ordered, and the cause remanded for a new trial.

All the Justices concur.