## HERRICK v. DEVORAK.

No. 6727. Opinion Filed February 15, 1916.

Rehearing Denied March 21, 1916.

(155 Pac. 1153).

1. **MALICIOUS PROSECUTION—Defense—Advice—Prosecuting Attorney.** In an action for malicious prosecution growing out of a criminal prosecution of the plaintiff, where the prosecutor, before instituting the criminal proceedings, obtained the advice of the county attorney, and then and there communicated to him all the facts bearing on the case of which he had knowledge, or could have obtained by reasonable diligence and inquiry, and acted upon the advice given honestly and in good faith, the absence of malice is established, the want of probable cause negatived, and an action for malicious prosecution will not lie.

2. **SAME—"Probable Cause."** In an action for malicious prosecution, where the undisputed evidence shows that the prosecutor sought the advice of the county attorney, and made a full disclosure of all of the facts reasonably obtainable, and in good faith acted upon such advice, probable cause for the institution of the criminal prosecution is established, notwithstanding the subsequent acquittal of the accused.

3. **SAME—Advice of Counsel—Burden of Proof.** In an action for malicious prosecution the burden of proof is upon the plaintiff to prove the want of probable cause; and where the uncontro-

verted evidence shows that the prosecutor laid all the facts before the county attorney, and acted in good faith upon the advice given, he is exonerated from all liability.

(Syllabus by Hooker, C.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by Manuel Herrick against Frank Devorak, for malicious prosecution. Judgment for defendant, and plaintiff brings error. Affirmed.

*P. W. Cress,* for plaintiff in error.

*Henry S. Johnston,* for defendant in error.

Opinion by HOOKER, C. It appears from an examination of this record that prior to the 8th day of August, 1912, the parties to this action resided in the same neighborhood in Noble county, and that there had theretofore been ill feeling existing between them; that on or about that day the defendant in error had lost by fire some wheat and oats, which fire occurred in the early hours of the morning, and that subsequently the defendant in error came to the county officials at Perry and related to them the destruction of his property by fire, and the circumstances pertaining thereto; that the sheriff, the county attorney, and one of the commissioners of the county, together with certain other parties who resided in the neighborhood of the fire, on their own initiative and without direction or knowledge of the defendant in error, took steps to ascertain the cause of the fire, and to locate the party guilty of the offense. On the day of the fire these parties caused bloodhounds to be taken to the place of the fire, and these hounds upon finding a track or scent at that place followed the same to the home of the plaintiff in error, and when the hounds approached the plaintiff

in error they indicated that it was his track they had been following. Certain other evidence was obtained by the parties investigating this crime, and the defendant in error was notified by the county attorney to come in and swear to a complaint against the plaintiff in error, charging him with this offense. This he did after the county attorney and the sheriff had made the investigation, and after he was requested to do so by the then county attorney of Noble county, and not before. The plaintiff in error was tried in the examining court, bound over to the d'strict court, and was discharged by the jury upon his final trial. Thereafter he filed this suit in the district court of Noble county for malicious prosecution against the defendant in error and sought to recover $10,050 damages against the defendant in error therein.

The trial court was very patient and lenient with the plaintiff in error in the introduction of his evidence, and in the trial of said cause; in fact more so than he should have been, considering the rights of the defendant in error. However, owing to the peculiar circumstances surrounding this case, it is apparent that his action was more a virtue than a fault. The plaintiff in error, having lost his case in the lower court, has appealed here and has assigned numerous reasons why the judgment of the lower court should be reversed.

As we view this case and the law relating to malicious prosecution as defined by this court, it is unnecessary to consider all of the assignments of error, for this court, in the case of *El Reno Gas & Elec. Co. v. Spurgeon,* 30 Okla. 88, 118 Pac. 397, held:

"In an action for malicious prosecution growing out of a criminal prosecution of the plaintiff, where the prose-

cutor, before instituting the criminal proceedings, obtained the advice of the county attorney, and then and there communicated to him all the facts bearing on the case of which he had knowledge, or could have obtained by reasonable diligence and inquiry, and acted upon the advice given honestly and in good faith, the absence of malice is established, the want of probable cause negatived, and an action for malicious prosecution will not lie.

"In an action for malicious prosecution, where the undisputed evidence shows that the prosecutor sought the advice of competent counsel, and made a full disclosure of all the facts reasonably obtainable, and in good faith acted upon such advice, probable cause for the institution of the criminal prosecution is established, notwithstanding the subsequent acquittal of the accused.

"In an action for malicious prosecution the burden of proof is upon the plaintiff to prove want of probable cause; and where the uncontroverted evidence shows that the prosecutor laid all the facts before competent counsel, and acted in good faith upon the advice given, he is exonerated from all liability.

"In an action for malicious prosecution, where the uncontroverted evidence shows that the prosecutor, before instituting criminal proceedings against the accused, sought the advice of a regularly licensed and practicing attorney, and thereafter, and before action was taken, also consulted and advised with the county attorney, and placed before said attorneys all the facts within his knowledge, or which he could have obtained by the exercise of reasonable diligence and inquiry, concerning the guilt of the accused, and fairly and honestly acted upon the legal advice given, it is error in the trial court to refuse to direct the jury to return a verdict for the defendant."

Likewise this court in *Central Light & Fuel Co. v. Tyron,* 42 Okla. 86, 140 Pac. 1151, held:

"The county attorney is the proper officer designated by law for the purpose of giving advice concerning crim-

inal prosecutions, and where a person, acting in good faith and under the advice of such counsel, is lead to institute a criminal prosecution against another, and thereafter the prosecution fails, the prosecutor does not thereby render himself liable to an action for malicious prosecution or to any other action."

As stated before, the established evidence in this case shows that the morning after the fire the defendant came to the county attorney and told him of his loss and that he did not know who caused the fire, and that thereupon the county attorney, the sheriff, and others interested in ascertaining who the guilty parties were started the investigation, and that the defendant in error went home and did not participate in this investigation, and after the investigation was had the county attorney related the same to the defendant in error and caused him to sign a warrant for the arrest of the plaintiff in error. We are therefore of the opinion that, under the rule laid down in the two cases cited above, an action for malicious prosecution will not lie, and that, if the trial court committed any error, it was when he failed to sustain a motion made by the defendant in error to instruct a verdict in his behalf. As stated above, there are numerous assignments of error here, but under our view of the law it is unnecessary to consider the same, further than to say that in our judgment they are not well taken, and that the plaintiff in error has had a fair trial.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.