## SHAW v. CROSS.

No. 9927—Opinion Filed Nov. 1, 1921.

(Syllabus.)

1. **Continuance—Discretion of Trial Court—Waiver of Motion.**

An application for a continuance on the ground of absence of a material witness is addressed to the discretion of the court, and where the party making the application proceeds with the trial of the cause without having the court act upon his motion for continuance he will be deemed to have waived it.

**2. Malicious Prosecution—Probable Cause— Burden of Proof.**

In an action for malicious prosecution the burden of proof is upon the plaintiff to establish by the evidence want of probable cause and malice in instituting the proceedings, but where the evidence of the plaintiff fails to show malice and the absence of probable cause in prosecuting the proceedings complained of, it is not error for the trial court to sustain a demurrer to the testimony.

**3. Conspiracy—Character of Act.**

There can be no malice or conspiracy where the acts complained of are lawful and the means employed in doing the acts are lawful.

**4. Trial—Demurrer to Evidence—Determination.**

A demurrer to the evidence admits all of the facts which the evidence reasonably tends to establish, and all the inferences and conclusions which may reasonably be drawn therefrom; but where the evidence introduced is insufficient to sustain a verdict or judgment in favor of the party introducing the evidence, it is not error for the court to sustain a demurrer to such evidence.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by Charles H. Shaw against S. N. Cross for malicious prosecution, etc. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles C. Black, for plaintiff in error.

J. A. Diffendaffer, for defendant in error.

KENNAMER, J. Charles H. Shaw, as plaintiff, prosecuted this action in the district court of Comanche county against S. N. Cross, as defendant, to recover damages. S. N. Cross having died; this cause has been revived in the name of the administrator of his estate.

Petition of the plaintiff charged the defendant with malicious acts done individually and in conspiracy with others to the injury of the plaintiff by delaying him in the performance of a contract which he had entered into with the city of Lawiton in constructing certain pavement; in maliciously prosecuting certain injunction suits attempting to enjoin plaintiff and the city of Lawton in paving streets of said city of Lawton and levying and collecting the special assessment for such paving.

The defendant filed answer to the petition of the plaintiff, denying generally the allegations of the petition, except he admitted the filing of the suits, but alleged that the same were filed in good faith under the advice of counsel.

The cause was tried to a jury November, 1917, and after the plaintiff had introduced his testimony the defendant filed a demurrer to the evidence of the plaintiff, which demurrer was by the court sustained and judgment entered decreeing that the plaintiff had failed to establish any cause of action against the defendant. Plaintiff filed a timely motion for a new trial, which was by the court overruled and exceptions allowed; to reverse and vacate the judgment of the trial court and order overruling plaintiff's motion for a new trial this appeal is prosecuted.

The plaintiff has assigned seven assignments of error. The first assignment argued by counsel for plaintiff is that the court erred in overruling the motion of the plaintiff for a continuance.

We have examined the record, and fail to find where the court made any ruling upon the application for continuance, and the plaintiff, having gone to trial without having his motion acted upon by the trial court, will be deemed to have waived his motion. However, we have examined the affidavit for continuance, and, in our judgment, sufficient diligence was not shown to secure the attendance of the witness, as the plaintiff only had a praecipe for subpoena issued two days prior to the trial of the cause. Furthermore, evidence, which the plaintiff expected to establish by the absent witness, as disclosed by the records, would have only been cumulative of the evidence introduced.

The second error urged in the brief of the plaintiff is a rejection of evidence offered by the plaintiff. Upon an examinination of the record we find that if any error was committed in this respect, the same was cured by the court subsequent to his sustaining an objection to the evidence by permitting the plaintiff to introduce the evidence and that error would be immaterial by reason of the conclusion that we have reached upon the third proposition argued by counsel in his brief.

The only remaining error complained of in brief of counsel for plaintiff is action of the trial court in sustaining the demurrer of the defendant to the evidence of the plaintiff. Counsel in his brief for plaintiff directs the court's attention to the following rule:

"The question presented by a motion for a directed verdict is whether or not, admitting all the evidence to be true and all inferences to be drawn therefrom, there is enough competent evidence to sustain a verdict. Gwinnup v. Walton Trust Co., 69 Oklahoma, 172 Pac. 936.

"It is only where the evidence and all inferences to be drawn from it will not justify a verdict for the plaintiff that the trial court should give a peremptory instruction to find for the defendant, Oklahoma Automobile Co. v. Goulding, 73 Oklahoma, 176 Pac. 400."

We have no fault to find with the rule, but counsel in his brief has failed to direct our attention to any testimony which he contends was sufficient to have the case submitted to the jury. In substance, the plaintiff complained of the action of the defendant in testing the legality of the proceedings and contract which the plaintiff had with the city of Lawton to do certain paving. This, the defendant had a lawful right to do.

In the case of Barton v. Rogers et al., 21 Idaho, 609, 123 Pac. 478, the court held:

"In contemplation of law, there can be no malice or conspiracy where the thing to be done is lawful and the means employed in doing the thing are also lawful."

In the case at bar, upon an examination of the petition, it appears that the plaintiff also attempted to state a cause of action for malicious prosecution, and in such a case the burden of proof is upon the plaintiff to prove want of probable cause and malice, and in the trial of such a case, where the evidence wholly fails to show malice in instituting the proceedings, it is the duty of the court, upon a demurrer to the evidence, to sustain the demurrer and dismiss the action. Jones Leather Company v. Woody, 67 Oklahoma, 169 Pac. 878.

While it is the duty of counsel to point out in their brief such testimony as would entitle the plaintiff to have the cause submitted to the jury, in order that this court may determine whether there was any error in the action of the court in sustaining the demurrer to the evidence, nevertheless we have carefully examined the record, and we have failed to find any evidence tending to establish malice or the want of probable cause in instituting the injunction actions.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, MILLER, and NICHOLSON, JJ., concur.