## THELMA OIL & GAS CO. v. SINCLAIR GULF OIL CO. et al.

No. 12255—Opinion Filed Jan. 15, 1924.

1. **Malicious Prosecution—Failure of Proof —Demurrer to Evidence.**

In an action for malicious prosecution the burden of proof is upon the plaintiff to establish by the evidence want of probable cause and malice in instituting the proceeding, but where the evidence of the plaintiff fails to show malice and the absence of probable cause in prosecuting the proceedings complained of, it is not error for the court to sustain a demurrer to the testimony.

2. **Trial — Demurrer to Evidence — When Sustained.**

A demurrer to the evidence admits all of the facts which the evidence reasonably tends to establish, and all the inferences and conclusions which may reasonably be drawn therefrom; but where the evidence introduced is insufficient to sustain a verdict or judgment in favor of the party introducing the evidence, it is not error for the court to sustain a demurrer to such evidence.

3. **Malicious Prosecution—Defenses — Advice of Counsel.**

It may be stated as a general rule that, where a party has communicated to his counsel all the facts bearing on the case of which he has knowledge, or could have obtained by reasonable diligence and inquiry, and has acted upon the advice received honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by Thelma Oil & Gas Company against Sinclair Gulf Oil Company. Judgment for defendant. Plaintiff brings error. Affirmed.

Ledbetter, Furman & Ledbetter, for plaintiff in error.

Edw. H. Chandler, Farrar L. McCain, and Summers Hardy, for defendants in error.

Opinion by PINKHAM, C. Plaintiff in error, Thelma Oil & Gas Company, will be referred to as plaintiff, and the defendants in error will be referred to as defendant.

This action was commenced by plaintiff in the district court of Carter county against Sinclair Gulf Oil Company, a corporation, Indiahoma Oil Gas Company, a corporation, and W. L. Garrett.

The petition of the plaintiff charged that during the year 1917, the Crystal Oil Company, the Indiahoma Oil Gas Company, and W. L. Garrett planned and conspired together to deprive plaintiff of the rightful use and enjoyment of a certain oil and gas lease, and in pursuance of that conspiracy an action

was commenced by the Indiahoma Oil Gas Company, in the district court of Oklahoma county, against the plaintiff. Thelma Oil Gas Company, and an action was commenced by Crystal Oil Company against the plaintiff, Thelma Oil & Gas Company, in the district court of Carter county, which actions clouded the title to the leasehold estate of plaintiff; that Sinclair Gulf Oil Company took over the assets and burdens of Crystal Oil Company, and thereafter maintained and prosecuted to judgment the suit theretofore filed by Crystal Oil Company against Thelma Oil & Gas Company and others in the district court of Carter county. That the causes of action in the district court of Oklahoma county and in the district court of Carter county resulted in final judgments for the plaintiff, and that no appeal was ever taken from said judgments. That the filing of said suits was malicious and without probable cause; that the wrongful acts of the defendants had resulted in damages to the plaintiff. Crystal Oil Company was not made a defendant, and the Sinclair Gulf Oil Company is the only party defendant in error here.

The Sinclair Gulf Oil Company filed its answer, in which it denies each and every allegation of the petition, except such as therein admitted. It is admitted that the Crystal Oil Company commenced an action in the district court of Carter county against the plaintiff on or about January 3, 1917, and that said action was finally terminated in favor of the plaintiff. That said action was commenced by the Crystal Oil Company against plaintiff in good faith with probable cause and without malice; that prior to the institution of said suit the Crystal Oil Company sought advice of counsel and made disclosures to counsel consulted by it of all the facts then within its knowledge, and that acting on said advice of counsel the said action was instituted.

On these pleadings the case was tried before a jury in the district court of Carter county, and at the conclusion of the testimony the defendant demurred to the evidence offered on behalf of plaintiff, and said demurrer was by the court sustained. Judgment was entered. A motion for new trial was filed and overruled by the court and the appeal in this action was perfected to this court.

A number of assignments of error are set out in the petition in error, which are presented together in the brief of plaintiff under the second assignment of error, which is as follows:

"The trial court erred in sustaining the demurrer to the evidence of the plaintiff, which was excepted to at the time.".

It is contended by the plaintiff that all the necessary essentials of an action for malicious prosecution were alleged and proven by the plaintiff.

It is argued that this case shows very clearly that the trial court exceeded its authority in sustaining the demurrer to the evidence; that the question of what amounts to probable cause is one of law for the court; that it is the duty of the court when evidence has been given to prove or disprove probable cause to submit to the jury its credibility with proper instructions that certain facts amount to probable cause or that they do not. It is contended there was evidence in the case that the suit of the Crystal Oil Company versus Thelma Oil & Gas Company was instituted without probable cause, and the court should therefore have permitted the jury to pass on the credibility of the evidence.

Numerous decisions of this court are cited in the briefs of both plaintiff and defendant on the question of probable cause and malice in cases of this character. These cases have been examined and from them it may safely be said that the law is now settled in this state that the burden of proof is upon the plaintiff in an action for damages for malicious prosecution to prove both want of probable cause and malice on the part of the defendant. Allison v. Bryan, 50 Okla. 677, 151 Pac. 610; Sims v. Jay, 53 Okla. 183, 155 Pac. 615; El Reno Gas & Electric Co. v. Spurgeon, 30 Okla. 88, 118 Pac. 397; Herrick v. Devorak, 56 Okla. 499, 155 Pac. 1153; James Leather Co. v. Woody, 67 Okla. 184, 169 Pac. 878; Shaw v. Gross, 83 Okla. 273, 201 Pac. 811.

This court has also held that where the substantial facts as to probable cause are not disputed, whether they were sufficient to constitute probable cause is a question of law for the court. Dunnington v. Loeser, 48 Okla. 636, 150 Pac. 874; Roberson v. Gibson, 62 Okla. 306, 162 Pac. 1120; Hopkins v. Stiles, 70 Oklahoma, 173 Pac. 449; First State Bank v. Denton, 82 Okla. 137, 198 Pac. 874.

It is also well settled by the decisions of this court that where the uncontroverted evidence shows that the prosecutor laid all the material facts within his knowledge before a competent attorney and acted honestly and in good faith upon the advice given, then absence of malice is established, the want of probable cause is negatived, and he is exonerated from all liability, and an action for damages for the prosecution of said action cannot be maintained. Roby v. Smith, 40

Okla. 280, 138 Pac. 141; Central Light & Fuel Co. v. Tyron, 42 Okla. 86, 140 Pac. 1151; Allison v. Bryan, 50 Okla. 677, 151 Pac. 610; El Reno Gas & Electric Co. v. Spurgeon, 30 Okla. 88, 118 Pac. 397; Sims v. Jay, 53 Okla. 183, 153 Pac. 615; Herrick v. Devorak, 50 Okla. 499, 155 Pac. 1153; Jones Leather Co. v. Woody, 67 Okla. 184, 169 Pac. 878.

In the light of these decisions the question arises, and it is the only question in the case: Did the court err in sustaining the demurrer to the evidence of the plaintiff?

The answer, of course, depends upon the character of the evidence introduced on behalf of the plaintiff.

It appears that the purpose of the action commenced in the district court of Carter county by Crystal Oil Company was to obtain a specific performance of a contract by which Thelma Oil & Gas Company agreed to convey an oil and gas mining lease to Indiahoma Oil & Gas Company, and which Indiahoma Oil & Gas Company had agreed to convey to Crystal Oil Company.

It appears that the only steps taken by the Crystal Oil Company were the filing of the petition and the presentation to the court upon demurrer of the question whether the allegations of the petition were sufficient to state a cause of action in favor of the plaintiff in that case.

There was evidence to the effect that prior to the institution of the action of the Crystal Oil Company, the plaintiff had an opportunity to make a sale of the oil and gas lease in controversy to a responsible party at an estimated price of $90,000, and the negotiations leading up to the proposed sale were embodied in a contract submitted in evidence, and that the purchase of said property would have been made had not the Crystal Oil Company filed suit against the plaintiff asking specific performance of a contract for the sale of the said oil and gas lease.

There was further testimony that after the termination of the suit between the Crystal Oil Company and the plaintiff, the plaintiff sold the leasehold estate involved herein for the sum of $41,500, which was the best sum that could be obtained at that time for the property. There was also testimony as to a number of items of expense which the plaintiff was required to expend by reason of the said suits.

In the trial of the instant case the plaintiff offered in evidence the deposition of Edw. H. Chandler.

This witness testified that he was general counsel for Crystal Oil Company, and that prior to the filing of the suit in the district court of Carter county against Thelma Oil & Gas Company, he made an investigation of all the facts concerning the claim of Crystal Oil Company of which he had or could obtain knowledge, and that he sought from every responsible source which suggested itself to him, information bearing upon said claim; that he was familiar with all the various contracts upon which Crystal Oil Company's rights of action were based; that he went over the files and fully discussed the matter with Judge Farrar L. McCain, and also with R. W. Garrett, both of whom are reputable attorneys, and that he was himself of the opinion that Crystal Oil Company had an enforceable cause of action against the Thelma Oil & Gas Company; that Judge McCain, who is now dead, after a thorough investigation of the facts, papers, and files, advised him (Chandler) that he (McCain) was of the opinion that Crystal Oil Company had an enforceable cause of action against Thelma Oil & Gas Company.

The papers considered by the witness Chandler and by the attorneys consulted by him in forming their opinion, are referred to in plaintiff's petition, and some of them are set out at length as exhibits thereto.

The plaintiff offered and read the deposition of H. L. Stuart, who was chairman of the board of directors of the Indiahoma Oil & Gas Company. This witness testified, in substance, that prior to the bringing of the suit—the Indiahoma Oil & Gas Company against the Thelma Oil & Gas Company, in the district court of Oklahoma county—he made himself acquainted with the facts as fully as he could and thought he had a cause of action. That said suit was brought in good faith and that he had no agreement nor understanding with the Crystal Oil Company or any one representing that company to bring that suit out of a malicious motive for the purpose of injuring the plaintiff in this case. That he had no agreement or understanding with the Crystal Oil Company or with any one representing the Crystal Oil Company prior to the filing of that suit in the district court of Oklahoma county, that the suit should be filed. Mr. Stuart further testified that the firm of McAdams & Haskell filed a suit in the district court of Carter county for the Crystal Oil Company against the Thelma Oil & Gas Company and the Indiahoma Oil & Gas Company, but that he had nothing to do with the preparation

of the pleadings in that case nor the institution of that suit.

Plaintiff in its brief directs attention to the testimony of F. M. Adams, who testified that early in the year 1917, W. L. Garrett, an attorney representing the Crystal Oil Company, came to the office of the firm of which the witness was a member and sought to employ that firm in the suit, and being informed that the said firm represented the plaintiff in the case then pending in Oklahoma county, the witness said:

"Mr. Garrett in some part of the conversation stated that it was the idea of the company to keep this tied up and buy it."

An examination of the testimony leads to the conclusion that Mr. Garrett, an attorney for the Crystal Oil Company, made a statement to Mr. Adams of the nature of the action of the Crystal Oil Company, and of the relief which it was seeking, which was in effect that the Crystal Oil Company intended to require the Thelma Oil & Gas Company to comply with its contract, by which it had agreed to convey the oil and gas lease involved to the Indiahoma Oil & Gas Company, which contract the Indiahoma Company had assigned to the Crystal Company.

Aside from this it appears from the record that the statement of Garrett was made before the defendant Gulf Oil Company was organized, and therefore cannot be attributed to the said company.

The plaintiff's proof failed to disclose in the slightest degree any plan, scheme, or conspiracy on the part of the two companies to institute actions against the plaintiff.

On the contrary, the proof shows very clearly that those actions were brought only after careful and painstaking investigation of the facts by reputable attorneys who advised their clients that an enforceable cause of action existed.

We are unable to discover any evidence from which a legitimate inference could be drawn that the two companies acted in concert in bringing their suits against the plaintiff, or that either of them acted in bad faith in seeking through the ordinary processes of the law in the established courts of the state what each regarded as its rights in the circumstances.

Where the evidence in an action for malicious prosecution wholly fails to show malice in instituting the proceedings, it is the duty of the court upon a demurrer to the evidence to sustain the demurrer and dismiss the action or direct a verdict for the defendant. Shaw v. Cross, 83 Okla. 273, 201 Pac. 811; Robberson v. Gibson, 62 Okla. 306, 162 Pac. 1120.

That each of the actions terminated in favor of the plaintiff does not of itself tend to show want of probable cause. Central Light & Fuel Co. v. Tyron, 42 Okla. 86, 140 Pac. 1157; Lindsay v. Couch, 22 Okla. 4, 98 Pac. 973; Herrick v. Devorak, supra; Jones Leather Co. v. Woody, supra.

As to the defendant Sinclair Gulf Company, it is difficult to understand upon what theory it could be contended that the evidence disclosed a cause of action against it.

Plaintiff's petition charges that defendant Sinclair Gulf Oil Company took over the assets and burdens of the Crystal Oil Company, and thereafter maintained and prosecuted to judgment the suits theretofore filed by the Crystal Oil Company against the plaintiff and others in the district court of Carter county.

It appears that the suit of Indiahoma Oil & Gas Company for breach of contract was commenced in the district court of Oklahoma county in the fall of 1916, and the suit of the Crystal Oil Company for the specific performance of the same contract, which had been assigned to it, was commenced in the district court of Carter county January 3, 1917; and it further appears that the defendant Sinclair Gulf Oil Company was not incorporated at the time these suits were instituted. It, therefore, could have had no connection with the alleged conspiracy nor with the commencement of said actions.

A circumstance which is relied upon to fix liability upon the defendant Sinclair Gulf Oil Company is the fact that at the trial of the case in the district court of Oklahoma county two gaugers, upon the request of the Inhoma Oil & Gas Company, attended the trial and testified on behalf of said company, and that the Sinclair or Crystal Companies furnished these gaugers as witnesses. It is sufficient to say that the testimony does not show that these witnesses were furnished by the Sinclair Gulf Oil Company, but that they were produced by Crystal Oil Company, upon request of the attorney for Indiahoma Oil & Gas Company, and the evidence further shows that this was in accordance with the custom shown to exist and which is observed by all oil companies.

It also further appears that on the second day of February, 1917, the Crystal Oil Company executed an assignment of certain oil and gas leases to Sinclair Gulf Oil Company, which assignment was acknowledged by the vice-president of the said Crystal Oil Company on the 14th day of February, 1917.

It was further shown that the stock of Crystal Oil Company was purchased by H. F. Sinclair, individually, who became the owner of practically all of the stock of that corporation, and that Crystal Oil Company after the change of the ownership of its capital stock continued to operate its properties until some time in March, 1917, at which time certain of its properties were transferred to Sinclair Gulf Oil Company, which properties were thereafter managed and operated by Sinclair Gulf Oil Company, and the Crystal Oil Company was still in existence at the time of the trial. We see nothing in this transaction tending to show that the defendant Sinclair Gulf Oil Company has conspired with the two companies mentioned to injure the plaintiff, and deprive it of the rightful use of its property.

It has been held by this court that where there is neither consolidation nor a merger, and one corporation buys all the property of another for full value, and without fraud, the property will pass to the purchasing corporation free from the claims of creditors of the selling corporation. Union Coal Company et al. v. Wooley, 54 Okla. 391, 154 Pac. 62.

We think the evidence failed to show a cause of action in favor of the plaintiff and against the defendant Sinclair Gulf Oil Company.

Upon a careful examination of the record in this case we conclude that there was no proof on the part of the plaintiff to sustain its allegations of conspiracy; that the action instituted by the Crystal Oil Company was instituted in good faith, and that it had probable cause in so doing, and that no malice can be inferred therefrom.

"There can be no malice or conspiracy where the acts complained of are lawful and the means employed in doing the acts are lawful." Shaw v. Cross, 83 Okla. 272, 201 Pac. 811.

For the reasons stated we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.