### MANN v. TOWNSLEY.

No. 13625—Opinion Filed May 20, 1924.

1. **Criminal Law—Parties to Offenses—Relation of Principal and Agent not Recognized.**

The law does not recognize the relationship of principal and agent in fixing the responsibility for the commission of crime. All persons who engage in the commission of the wrongful acts will be held responsible for the wrong done according to the rules of law.

2. **Malicious Prosecution—Verdict—Insufficiency of Evidence.**

Record examined; held, to be insufficient to support verdict for the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by H. L. Townsley against H. B. Mann for malicious prosecution. Judgment for plaintiff. Defendant brings error. Reversed and remanded, with directions to dismiss.

James A. Embry, for plaintiff in error.

Cox & Cox, for defendant in error.

Opinion by STEPHENSON, C. This is an action for malicious prosecution alleged to have been commenced against the plaintiff by the defendant without probable cause. The defendant leased certain land to Mrs. Wright for agricultural purposes, and later the tenant and plaintiff were married and continued to farm the land. The plaintiff sold cotton grown on the land and retained the proceeds of the sale after it was due and payable to the landlord. The latter called on the plaintiff for payment, who failed to make payment and refused to advise the landlord what disposition was made of the rents. The landlord then caused a complaint to be filed against the plaintiff charging the latter with embezzlement of the rents. In the examining trial, the plaintiff admitted that he sold the cotton and that the rents had not been paid to the landlord, but defended the action on the ground that the relation of landlord and tenant did not exist between him and the defendant in this case. The plaintiff was discharged in the preliminary examination. The plaintiff, apparently, assumes that as the relation of landlord and tenant did not exist between him and the defendant, and as he was acting as the agent of his wife, he did not commit the crime of embezzlement in the sale of the cotton and retention of the rents The admissions of the plaintiff constitute probable cause for the action of the defendant in causing the complaint to be filed against the plaintiff. El Reno Gas & Elec. Co. v. Spurgeon, 30 Okla. 88, 118 Pac. 397; Shaw v. Cross, 83 Okla. 273, 201 Pac. 811; Kable v. Carey (Ark.) 204 S. W. 748; Lewis v. Goldman (Mass.) 24 A. L. R. 260.

The law does not recognize the relation of principal and agent in the commission of crimes. Each party will be held responsible for his own conduct according to the rules of law applicable to the case. Arp v. State, 97 Ala. 5, 12 South. 301, 38 Am. St. Rep. 137, 19 L. R. A. 357.

The verdict returned in favor of the plaintiff is against both the law and the evidence.

It is recommended that this cause be reversed and remanded, with directions to dismiss.

By the Court: It is so ordered.