## BRYAN v. LEE.

No. 16809—Opinion Filed Sept. 14, 1926.

Rehearing Denied Nov. 23, 1926.

1. **Malicious Prosecution—Probable Cause—Advice of Counsel—Absence of Malice.**

In an action for damages for alleged malicious prosecution, where the evidence for plaintiff discloses that defendant made full and fair disclosures of the material facts within his knowledge, relating to the alleged criminal offense, to reputable attorneys, who advised him that an offense had been committed, and he thereafter in good faith and at the request of the county attorney signed and swore to the criminal complaint in re-

liance on such advice, absence of probable cause is negatived.

2. **Same—Failure of Plaintiff's Proof—Demurrer to Evidence.**

In such case, where plaintiff's evidence fails to establish absence of probable cause for the criminal prosecution, malice cannot be inferred or implied, and in the absence of proof of legal malice a demurrer to plaintiff's evidence is properly sustained.

3. **Same—Erroneous Advice of Attorney.**

In such case, if the attorney erroneously concludes that certain statutory provisions are applicable, and in reliance thereon the prosecution is instituted in good faith under those provisions and results in an acquittal, the error of the attorney cannot militate against the party relying thereon, and in a subsequent action for malicious prosecution the applicability of those statutory provisions to the criminal proceeding is wholly immaterial.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by L. J. Bryan against L. F. Lee to recover damages for alleged malicious prosecution. From an order sustaining a demurrer to plaintiff's evidence, and from a judgment based upon the directed verdict, plaintiff brings error. Affirmed.

On November 8, 1921, L. J. Bryan was arrested upon a warrant issued by a justice of the peace in and for Bryan county upon a complaint duly filed charging the said L. J. Bryan with the offense of criminal trespass. On November 19, 1921, upon the trial of said cause to a jury in said justice court, there was a verdict of acquittal. L. F. Lee, the instant defendant, was the complainant in the criminal prosecution, having signed and sworn to the criminal complaint at the request of the county attorney.

This instant action was commenced by L. J. Bryan in the district court of Bryan county, by his filing in said court on September 26, 1922, his petition against L. F. Lee, wherein it was alleged in substance that the said L. F. Lee "maliciously, unlawfully, and without probable cause, caused the plaintiff to be arrested," upon a false charge that this plaintiff "unlawfully, wrongfully, and maliciously entered and passed a certain yard and enclosed field on the Smith-Lee farm east of Wade in Bryan county after being expressly forbidden by the owner thereof not to do so"; that plaintiff was arrested upon said complaint, and was duly acquitted by a verdict of a jury, who re-

turned into said justice court a finding of not guilty; that said prosecution of this plaintiff by the defendant, L. F. Lee, was wholly unfounded and without just cause, and was begun in bad faith and for an ulterior purpose, with malice and to injure this plaintiff, the defendant well knowing at and before the commencement of said prosecution that the plaintiff was innocent of said charge, and that the same was false, groundless, and without cause; plaintiff alleged actual and punitive damages and prayed for judgment in the sum of $18,200 and for costs.

After various preliminary pleadings and proceedings defendant filed his answer to plaintiff's petition, in which he denied each and every allegation therein contained, except those specifically admitted in the answer. It was admitted that defendant signed and swore to the complaint as alleged in plaintiff's petition, but defendant averred that prior to the time of signing and swearing to said complaint, he conferred with his attorneys and with the county attorney of Bryan county; that he fully disclosed and related to them the facts concerning said alleged trespass as he understood them to be, and that he acted honestly and in good faith upon the advice of the county attorney in signing and swearing to said criminal complaint. Defendant denied specially that he was actuated by malice in said prosecution, but that he instituted the same upon the advice of his own attorneys and upon the advice of the county attorney after a fair and full disclosure of all the facts and circumstances within the knowledge of the defendant, and that he honestly believed the advice of said attorneys that an offense against the criminal law of the state had been committed.

Plaintiff replied to the answer by general denial. Thereafter, on March 26, 1925, this cause came on for trial before the court and a jury, and at the conclusion of plaintiff's evidence defendant interposed a demurrer thereto, and a motion for a directed verdict. This demurrer and motion were by the court sustained, and upon the directed verdict then returned into court, judgment was entered in favor of the defendant. After unsuccessful motion for new trial plaintiff has brought the case here by petition in error with case-made attached for review. The parties appear in this court as they did in the trial court, L. J. Bryan being plaintiff and L. F. Lee defendant.

Dickson & Carter, J. R. Hannah, and Lydick, McPherren & Wilson, for plaintiff in error.

Hatchett & Ferguson, for defendant in error.

Opinion by LOGSDON, C. In the brief of plaintiff his argument for reversal is presented under six propositions as follows:

"(1) That the trial court erred in sustaining defendant's demurrer to plaintiff's evidence.

"(2) Essential elements of malicious prosecution actions.

"(3) That the trial court erred in holding that the indorsement on the criminal complaint, 'I have examined the facts in this case and recommend that warrant do issue,' signed by the county attorney, established a prima facie showing of probable cause which was not overcome by plaintiff's evidence.

"(4) Error of the trial court in holding that criminal trespass could be committed under Comp. Stat. 1921, section 2247, without willfully and maliciously entering on the premises.

"(5) That the trial court erred in holding applicable in this case Comp. Stat. 1921, section 7350.

"(6) Error of the trial court in excluding certain testimony offered and tendered by plaintiff."

It is manifest from reading them that the first proposition above stated comprehends and embraces within its scope all of the others except the sixth. It will, therefore, be necessary to a correct determination of this case to determine only those questions arising under the first and sixth propositions.

In the consideration of cases of this character it is well to bear in mind certain general principles consonant with public policy, and based thereon, which have heretofore been approved and adopted by this court In Sims v. Jay, 53 Okla. 183, 155 Pac. 615, these general principles, and the public policy which supports them, are stated in apt language by Justice Sharp, thus:

"It is for the best interest of society that those who offend against the laws shall be promptly punished, and that any citizen, who has good reason to believe that the law has been violated, shall have the right to cause the arrest of the offender. For the purpose of protecting him in so doing, it is the established rule that if he have reasonable grounds for his belief, and act thereon in good faith in causing the arrest, he shall not be subjected to damages merely because the accused is not convicted. This rule is founded upon the grounds of public policy, in order to encourage the exposure of crime. It would indeed be a harsh rule, and one calculated to discourage entirely the

making of complaints by private individuals in criminal cases, to hold that one who has acted upon the advice of a reputable, disinterested, practicing attorney, given upon a full and fair statement of all the material facts which he knew, or which he had reasonable grounds to believe existed at the time, should be civilly liable in damages if the prosecution should fail."

In Dunnington v. Loeser, 48 Okla. 636, 149 Pac. 1161, 150 Pac. 874, on petition for rehearing, the same principles are more tersely stated in paragraph 5 of the syllabus in this language:

"To adopt a lax rule, favorable to actions for malicious prosecution, is to open the door in such action, and to close the door to prosecutions, to turn society over to the lawless, and to create a dread on the part of any one who dares to prosecute."

It is agreed by both parties that of the six essential elements of actions for malicious prosecution, as enumerated by this court in Sawyer v. Shick, 30 Okla. 353, 120 Pac. 581, only two are in controversy here, viz.: (4) Absence of probable cause in the criminal prosecution for trespass; (5) the presence of malice in that prosecution.

Plaintiff's contention upon the element of probable cause is, in substance and effect, that he should have been permitted to argue this question to the jury, and that the jury instead of the court should have determined the existence or nonexistence of probable cause in the trespass prosecution. In this case the trial court sustained a demurrer to plaintiff's evidence, so that the facts upon which he relied to show absence of probable cause are undisputed. Under such circumstances it has been the uniform holding of this court that upon undisputed facts the presence or absence of probable cause is a question of law for determination by the court. Dunnington v. Loeser, 48 Okla. 636, 150 Pac. 874; Robertson v. Gibson, 62 Okla. 306, 162 Pac. 1120; Hopkins v. Stites, 70 Okla. 177, 173 Pac. 449; First State Bank v. Denton, 82 Okla. 137, 198 Pac. 874. It has also been repeatedly held that a verdict of acquittal on a criminal charge does not tend to show absence of probable cause in commencing the prosecution. Lindsay v. Couch, 22 Okla. 4, 98 Pac. 973; El Reno Gas & Electric Co. v. Spurgeon, 30 Okla. 88, 118 Pac. 397; Central Light & Fuel Co. v. Tyron, 42 Okla. 86, 140 Pac. 1151. Even in cases where the facts are in dispute, so as to present a jury question, it is error for the trial court to leave it to the jury to determine whether there was absence of probable cause without instructing as a matter of law what facts would constitute probable

cause. Dunnington v. Loser, supra; Goad v. Brown. 73 Okla. 241, 175 Pac. 767: First State Bank v. Denton, supra.

Plaintiff introduced in evidence the complaint filed in the criminal case. This complaint bore the indorsement, signed by the county attorney: "I have examined the facts in this case and recommend that warrant do issue." Plaintiff placed the county attorney upon the witness stand, but on direct examination confined his testimony to certain specific matters which plaintiff claimed were not disclosed to the county attorney prior to filing the criminal complaint. On cross-examination this witness. among other things, testified:

"Q. I will ask you if a disclosure of Mr. Lee, Dr. Smith, and their attorney, C. C. Hatchett, wasn't full and complete as to every detail in this transaction? (Objection. Overruled.) Q. Answer the question. A. Well, I can only say that I went into it, and they gave me answers to everything I asked."

He also testified:

"Q. I will ask you if, before you O. K.'d this complaint, if you didn't make a careful investigation of the facts? A. Well, I thought I did; I might not have made it as carefully as some other people would have made it. Q. You spent several hours talking to the witnesses? A. Well. I don't know about the hours. I thought I took sufficient time to investigate it."

Again he stated:

"Q. You advised Mr. Lee that you thought an offense had been committed? A. I did. Q. And that is the reason you filed the complaint; you thought an offense had been committed? A. Yes, sir. Q. And you requested Mr. Lee, after talking to him about it. to sign this complaint, did you? A. I did."

Plaintiff contends in his brief that the trial court held the indorsement on the complaint, signed by the county attorney, to be a sufficient prima facie showing of probable cause, but no citation to the case-made has been given showing where the court so held. A careful examination of the record of the trial has not supplied this omission. The indorsement was certainly a circumstance to be considered by the court, together with all the other evidence in the case, in determining the presence or absence of probable cause in the trespass prosecution. Upon the demurrer to the evidence, the testimony and record evidence, with the inferences to be reasonably drawn therefrom, were clearly sufficient to sustain the action of the trial court upon the question of probable cause. But it is urged by plaintiff

that the existence of probable cause, as shown by the testimony of the county attorney, is negatived and overcome by the following testimony of the plaintiff:

"Q. Now, while you were in jail were you taken out by anybody? A. Yes, sir. Q. Who? A. I was taken down the next morning before Lawrence Lee (the instant de.endant) and the attorney. Q. The county attorney? A. The county attorney or prosecuting attorney. * * * Q. Did you have any conversation with Lawrence Lee at that time? A. Yes, sir. Q. State what he said and what you said. A. Well, the conversation that I had with him was that he wanted me to go on back; if I would just go back that he would turn me loose, and assured me that it wouldn't cost me anything if I would go back and leave the house; that he just wanted possession of his house."

It is insisted that this shows the purpose of defendant in commencing the trespass prosecution to have been the recovery of possession and the gaining of a private advantage. Meinholtz v. Henryetta Gas Co., 83 Okla. 89, 200 Pac. 693, is relied on by plaintiff as precluding defendant upon the evidence last above quoted. There is no analogy between the two cases. In the Meinholtz Case the defendant had committed a tort against plaintiff which amounted to a continuing private nuisance. Plaintiff exercised his right of abatement as authorized by Comp. Stat. 1921, section 7883, after defendant had refused him relief, and the criminal prosecution followed. The holding in that case is not authority for plaintiff's contention here. At most, the above testimony of plaintiff shows an effort by defendant to compromise, which is fully authorized by the provisions of Comp. Stat. 1921, sections 2930, 2931.

Plaintiff having failed to sustain the burden resting upon him to show absence of probable cause in the trespass prosecution, it remains to be determined whether malice was shown.

It is only in cases where absence of probable cause is shown that malice may be inferred or implied. C., R. I. & P. Ry. Co. v. Holliday, 30 Okla. 680, 120 Pac. 927; Jones Leather Co. v. Woody, 67 Okla. 184, 169 Pac. 878; Parsons, Adm'r, v. Sims, 104 Okla. 1, 229 Pac. 1090. Where the undisputed evidence shows that in the institution of the criminal proceedings the prosecutor stated all material facts within his knowledge, or which he had reasonable grounds to believe existed, to a competent attorney, or to the county attorney, and acted thereafter in honesty and good faith on the advice of such

attorney that an offense had been committed, absence of malice is established and no liability for damage is incurred. Roby v. Smith, 40 Okla. 280, 138 Pac. 141; Allison v. Bryan, 50 Okla. 677, 151 Pac. 610; Herrick v. Devorak, 50 Okla. 499, 155 Pac. 1153; Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co. et al., 97 Okla. 5, 222 Pac. 686.

This instant case was tried about three years and six months after the trespass prosecution was instituted. The county attorney, as a witness for plaintiff, very frankly stated that he could not remember the details of the conversation between this instant defendant and himself prior to the commencement of that prosecution. Based upon this natural lapse of memory concerning details, many hypothetical questions were propounded in an effort to show that a full and fair disclosure was not made to him. A few of these questions are:

"Q. Isn't it a fact that if he had told you that he (plaintiff) was there on the farm working on those premises for a tenant, that you wouldn't have dictated the complaint? A. Of course, if I thought he had been there rightfully I wouldn't have O. K.'d the complaint."

Again:

"Q. If he had told you that he (plaintiff) was working on his place you certainly wouldn't have O. K'd. the information. A. Probably not."

Another:

"Q. If you had understood from them, and they had not told you that he was there on the place without their consent, you wouldn't have O. K.'d the information. A you? A. I don't know that I could answer that."

This character of examination could establish no probative fact because the hypotheses are based on mere assumptions. The county attorney's testimony as a whole shows a careful investigation on his part, including a consultation with C. C. Hatchett, a reputable lawyer of Durant, and that after being fully informed he concluded that an offense had been committed, and personally requested this instant defendant to sign the criminal complaint. No legal malice was shown, and the trial court was correct in sustaining the demurrer to plaintiff's evidence.

It is further urged that the trial court erred in holding that criminal trespass could be committed under the provisions of Comp. Stat. 1921, section 2247, where the original entry was lawful, and also erred in holding that the entry was not lawful by reason of the provisions of section 7350, Id., there

having been no written consent of the landlord to the subletting or assignment of the term. The applicability of these sections is wholly immaterial in this proceeding. The county attorney considered them applicable when he advised the prosecution, and if he was in error that fact cannot militate against this instant defendant, who in good faith acted on that advice. The argument might be very persuasive, or even convincing. on appeal from conviction for the offense charged, but it is without force in this proceeding.

Under his sixth proposition plaintiff complains of the action of the trial court in excluding several items of evidence offered by plaintiff. All of the evidence included in these various tenders has been read and considered. The purpose of all this evidence was to show a lawful and permissive entry upon the premises by plaintiff, and thus show the inapplicability of sections 2247 and 7350, Id., to the complaint and facts in the criminal case. The applicability of those two sections in the trespass prosecution being wholly immaterial in this instant proceeding. as herein already determined. it follows necessarily that no error was committed by the trial court in excluding this evidence.

For the reasons stated, and upon the authorities herein cited and quoted from, the order and judgment of the trial court are in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 C. J. p. 428, §72; p. 429, §72: p. 431, §76: 18 L. R. A. (N. S. f 49: 30 L. R. A. (N. S.) 207; 12 A. L. R. 1230; 18 R. C. L. 45; 3 R. C. L. Supp. p. 782: 4 R. C. L. Supp. p. 1176: 5 R. C. L. Supp. p. 971. (2) 38 C. J. p. 504. §194: p. 507. §197. (3) 38 C. J. p. 429, §72.