82 N.J. Super. 58 (1964)
196 A.2d 673
GRACE HEYE, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF EMILY GIBSON, DECEASED, PLAINTIFF-APPELLANT,
v.
ABRAHAM ALPERT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 16, 1963.
Decided January 2, 1964.
*60 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Francis Sorin, attorney for appellant.
Messrs. Moser, Roveto & McGough, attorneys for respondent (Mr. George P. Moser, of counsel; Mr. William V. Roveto, on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This is a wrongful death action. The decedent, an elderly woman, was fatally injured while crossing Tonnele Avenue at its intersection with 91st Street in North Bergen by impact by or with a truck operated by defendant which was proceeding northerly on Tonnele Avenue. The decedent was crossing from west to east in the northerly crosswalk of the intersection. Plaintiff, administratrix ad prosequendum of the estate of the decedent, appeals from a judgment entered on a jury verdict in favor of the defendant.
The evidence was that Tonnele Avenue is a four-lane highway, the intersection with 91st Street being controlled by a traffic light. The light turns green for crossing pedestrians only when they press a button for that purpose. Defendant testified he was driving in the northbound slow lane of Tonnele Avenue at 25-30 miles per hour, watching traffic ahead of him, and was being passed by some cars. The traffic light was green in his favor. He did not see decedent until she walked into his left front fender. He stopped within five or six feet. He was not wearing glasses, although new glasses had been prescribed for him seven months previously. He had only one eye, the left one.
One Mrs. Barsa testified she was driving in the northbound fast lane of Tonnele Avenue at about 35-40 miles per hour just before the accident. When a half-block from the intersection she saw a woman in the middle of the southbound fast lane of Tonnele Avenue crossing the street easterly, and the traffic light at the time was green for Mrs. Barsa. When she *61 passed the woman the light was still green, at which time the woman had reached the double line of the highway. She said she was watching the woman "because it didn't look as if she was going to stop." Later she learned about the accident and advised the police that a photograph of decedent shown to her represented the woman she had seen. A police officer shortly arrived at the scene, examined the truck and found the brakes in good condition and no visible evidence of damage to or contact with the vehicle.
Plaintiff's first ground of appeal is that the verdict is against the weight of the evidence. The facts as stated above make it perfectly clear that the jury could reasonably find therefrom either that defendant was not negligent or that the decedent was contributorily negligent; or, indeed, that both of these propositions were true.
The second point urged is that the trial court erred in refusing to charge the jury the contents of R.S. 39:4-35, which reads:
"No operator of a vehicle shall fail to give the right of way to a pedestrian at a cross walk where the pedestrian having started to cross with the proper signal finds himself still within the intersection when the signal changes."
The trial judge refused so to charge because there was no evidence that decedent started to cross the street "with the proper signal." He was clearly right in so ruling. Moreover, there was no evidence that the signal changed against her while she was still in the intersection. As noted above, both defendant and the disinterested witness, Mrs. Barsa, gave testimony that the light favored the vehicular traffic just before the accident. Mrs. Barsa's testimony specifically placed the decedent in the westerly half of the roadway with the light against the pedestrian at a time when the witness's car had yet half a block to go before reaching the intersection. The traffic officer testified that a pedestrian could obtain a favorable light only by pressing a button which would change the adverse light in his favor after a "cycle," or interval. From the totality of the *62 evidence, most of it from disinterested persons and apparently credible, it is little short of positive that decedent began her journey across the street against the traffic light and that it remained adverse to her until the accident.
But plaintiff calls to her aid the so-called presumption that a person who meets his death accidentally has been exercising due care. From this premise she draws the assertedly logical conclusion that decedent must have started with a green light in her favor, else she would not have been exercising due care. It is true that our cases have mentioned a presumption of the purport stated. See Bergquist v. Penterman, 46 N.J. Super. 74, 89, 90 (App. Div. 1957), and cases there cited. But analysis discloses that in jurisdictions where, as in New Jersey, it is the burden of the defendant to plead and prove by a preponderance of the evidence the plaintiff's contributory negligence and its proximate causation of the accident, the so-called presumption is not a true presumption but simply another form of statement of the elementary proposition that the decedent's contributory negligence will not be presumed at the outset of the proofs (even as the defendant's negligence) and that the defendant has the burden of proof on the issue. However, the latter has an issue for the jury on the point if the proofs adduced by either side permit a reasonable inference of absence of due care by the decedent. See the excellent discussion of this anomalous presumption in Hutton v. Martin, 41 Wash.2d 780, 252 P.2d 581 (Sup. Ct. 1953).
Operatively, however, it makes no difference in the result here whether the so-called presumption is treated as a true one or not. In either case, it has no inherent probative force. Its effect is simply to require defendant to come forward with proof permitting a fair inference of decedent's negligence (unless proof of that purport appears on plaintiff's own case). When defendant discharges that duty the presumption disappears as an evidential factor and the plaintiff has only such evidence in his favor as the facts and circumstances reflected by the proofs may generate independent of *63 the presumption. Flanagan v. Equitable Life Assurance Society of U.S., 14 N.J. 309, 312 (1954); Silver Lining v. Shein, 37 N.J. Super. 206, 214, 216 (App. Div. 1955). This is the standard Thayer rule which is the law of New Jersey. 37 N.J. Super., at p. 216.
It is therefore plain that since, by the end of the case below, the proofs strongly indicated that the decedent had proceeded across the street against the traffic light, and there was no proof fairly warranting a contrary inference or to the effect that the light changed against decedent only after she began to cross, plaintiff was not entitled to have the jury charged as to the statute referred to.
Lastly, plaintiff objected at the trial to, and now urges error in, the court's charging the jury at the request of defendant as follows:
"6. If you find that under the proofs in this case, both the decedent and the decedent's sister had the ability to support themselves and that the monies, if any, given to Mrs. Heye, the sister of the decedent, were gratuities without any legal obligation, you may consider that the contribution could have been discontinued and if it had been discontinued, there would be no pecuniary loss suffered by the decedent's sister."
The basic purport of the foregoing charge was not error. While pecuniary loss may consist of deprivation of what was theretofore given the survivor by the decedent even voluntarily, if reasonably expectable in futuro, Carianni v. Schwenker, 38 N.J. Super. 350 (App. Div. 1955), the factor of the voluntariness of the benefactions does bear upon the quantum of damages as the donations may cease and pecuniary loss attributable to the death then also cease. Technically, the instruction complained of should more accurately have ended with addition of the word, "thereafter." But this was not the ground of objection stated at trial, and we perceive no real prejudice in the language employed. Moreover, as we view the case, it is unlikely that the jury ever reached the issue of damages.
*64 Other portions of the charge now found fault with were not the subject of complaint at the trial and will not be considered now, there being no present claim or indication of plain error.
Judgment affirmed.